### NATIONAL BISCUIT CO. v. BAKER et al.

(Circuit Court, S. D. New York. June 27, 1899.)

UNFAIR COMPETITION—PRELIMINARY INJUNCTION.

"Uneeda," as applied to a biscuit, is a proper trade-mark; and the proprietor is entitled to an injunction against the use of "Iwanta" by another manufacturer as the name of a similar biscuit put up and sold to the trade in packages so similar as to be calculated to deceive consumers.[1]

Motion for preliminary injunction against sellers of alleged infringing goods; the action being defended by the Ward-Mackey Company, of Pittsburg, Pa., makers of the same.

Charles K. Offield, for the motion.
Arthur v. Briesen, opposed.

LACOMBE, Circuit Judge. This case is too plain to waste many words over it,—the principles of trade-mark infringement and of unfair competition have been so often discussed in this circuit. That "Uneeda," as applied to biscuit, is a proper trade-mark, and that complainant is entitled to its exclusive use in that connection, is hardly disputed. That it has been most extensively advertised, presumably at great expense, is matter of common knowledge, and is asserted in the moving papers. Defendants present the usual voluminous bundle of affidavits by persons in the trade to the effect that in their opinion no one is likely to mistake defendants' biscuit for complainant's. As has been often pointed out before, it makes no difference that dealers in the article are not deceived. No one expects that they will be. It is the probable experience of the consumer that the court considers. Here, too, we have the manufacturer of the articles complained of, who explains, as usual, that, in adopting a trade-name by which to identify his own product, he has been most "careful not to trespass on any rights" of complainant, and that "after considerable thought" he selected a name which should make the difference between his goods and complainant's "distinct and plain, so that there could be no possibility of mistake." It is a curious fact that so many manufacturers of proprietary articles, when confronted with some well-advertised trade name or mark of a rival manufacturer, seem to find their inventive faculties so singularly unresponsive to their efforts to differentiate. Thus, in one case, with the word "Cottolene" before him, defendant's best effort at differentiation resulted in "Cottoleo," and "Mongolia" seemed to another defendant entirely unlike "Magnolia." The manufacturer of the articles which defendants in the case at bar

---

[1] As to what constitutes unfair competition, see note to Scheuer v. Muller, 20 C. C. A. 165, and supplementary thereto, under same title, note to Lare v. Harper, 30 C. C. A. 376.

are selling seems to have had no better luck, for, with the word "Uneeda" before him, his device to avoid confusion was the adoption of the word "Iwanta." The incessant use of the personal pronouns in daily speech has associated in every one's mind the sounds represented by the letters "I" and "U"; the two words are of precisely the same length; both end with the same letter, "A"; and both express the same idea, namely, that the prospective purchaser's personal comfort would be promoted by the acquisition of a biscuit. There are, as also is usual, a number of minor differences between the forms and the dress of the two packages, which are expatiated upon in the affidavits and the brief; but no one can look at both packages without perceiving that there are strong resemblances, which could easily have been avoided had there been an honest effort to give defendants' goods a distinctive dress. Both name and dress are clearly calculated to mislead, and the statements that both were adopted with an eye single to differentiation strain the credulity of the court beyond the breaking point. Complainant may take a preliminary injunction against the use of the trade-name "Iwanta," and of the present style of package; also against similar colorable imitations of complainant's trade-name, "Uneeda," and of his style of package.