## ENOCH MORGAN'S SONS CO. v. WARD.

(Circuit Court of Appeals, Seventh Circuit. February 11, 1907.)

No. 1,345.

1. TRADE-MARKS—UNLAWFUL COMPETITION—DRESS OF PACKAGE—ELEMENTS—ENSEMBLE.

A manufacturer may put forth his goods in a dress, in no element of which—size, shape, color, lettering, word, or symbol—has he an exclusive right of use; and yet, if the ensemble has come to be a public guaranty of origin and quality, he may secure protection against unfair trade of a preying competitor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 21, 72.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. SAME—INVENTED WORDS—SYMBOLS.

A manufacturer may put forth his goods in a distinctive or in a common dress, and may build up a good will by associating his product in the

public mind with an invented word or symbol, in which he has the exclusive right of use.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 8.]

**3. SAME—WORDS AND SYMBOLS.**

Where a word or symbol is of a character to be appropriated, and has been duly appropriated as a trade-mark, it becomes property, which a competitor has no right to use, either alone or in connection with matter to which its owner lays no claim, without such owner's consent.

**4. SAME—DIFFERENT TRADE-MARKS—SEPARATE USE.**

Where complainant adopted two trade-marks which it registered and used separately in its advertisements, one being a coined word and the other a pictorial representation, the fact that both were jointly used on the wrapper of its manufactured article did not enable a competitor to use one of them alone.

**5. SAME—SAPOLIO—INFRINGEMENT.**

Plaintiffs' predecessor placed on the market a scouring soap, in the form of a cake, wrapped in silver paper, with a broad blue band having the name of the firm on one side and the coined word "Sapolio" on each end and on one side, and the pictorial representation "of a young man's face observing itself reflected in a pan" on one side. After complainant's product had been well and widely known, defendant put out a powder in a round can, dressed in yellow, called "Sopono" with a young woman's face observing itself reflected in a pan. *Held*, that defendant's label constituted an infringement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 74.]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Appellant's bill for alleged infringement of two trade-marks was dismissed for want of equity.

In 1869 appellant's predecessor, the firm of Enoch Morgan's Sons, put on the market a scouring soap for general household use. In connection with its introduction they adopted two marks. One was a word, then coined by them, "Sapolio." The other was a pictorial representation, then designed by them, of "a human face observing itself reflected in a pan." The business has been carried on continuously by the firm and by appellant as successor. Immense sums have been spent in advertising, and a good will of great value has been built up. The preparation was put forth in the form of a cake, wrapped in silvered paper, with a broad blue band having the name of the firm on one side, the word "Sapolio" on each end and on one side, and the pictorial mark on one side. In the advertisements, continuously and extensively displayed in magazines and other publications, the "dress" of the preparation was not taught to the public; the dominant note was always "Sapolio"; and with the word the fact was insisted upon, sometimes in connection with the pictorial mark, but more frequently by the use of verbal representations only, that the preparation was the best on the market for cleaning, scouring, and polishing household utensils.

About two months before the bill in this case was filed, appellee put out two cleaning, scouring, and polishing compounds. At that time the names of preparations in competition with "Sapolio" did not approximate the name "Sapolio"; they were advertised as "Scourene," "Bon Ami," "Pride of the Kitchen," "Silexo," "Crystal Mineral," and so on. One of appellee's preparation is in the form of a powder that "saves money, lightens labor, brightens life." It is contained in a round can, dressed in yellow. On the package appear in large letters the coined word "Sopono" and the name and place of appellee as maker. The other of appellee's preparations is "Mirror Scouring Soap," in cake form, also dressed in yellow. On the package the most conspicuous thing is a pictorial representation of "a human face observing itself

reflected in a pan." There was no proof of confusion of the respective packages.

In response to appellant's case as above stated, appellee introduced no evidence.

Archibald Cox and William O. Belt, for appellant.

Harry G. Colson, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge, after stating the facts, delivered the opinion of the court.

A manufacturer may put forth his goods in a dress, in no element of which—size, shape, color, lettering, word, or symbol—has he an exclusive right of use; and yet, if the ensemble has come to be a public guaranty of origin and quality, he may secure protection against the unfair trade of a preying competitor. His right to exclude others from using the dress, if an analogy to the patent law may be drawn, is like the right of the patentee who claims a new combination of old elements. In such a case, "we should look at the matter as a whole, both at the resemblances and the differences to ascertain whether, in view of the differences, the resemblances are so marked that the ordinary purchaser would be likely to be deceived." Postum Cereal Co. v. American Health Food Co., 119 Fed. 848, 56 C. C. A. 360. If the case at bar is of that category, appellant was rightly defeated, for the differences in dress are confessedly radical.

Also, a manufacturer may put forth his goods in a distinctive or in a common dress and may rely upon building up a good will by associating in the public mind his product with an invented word or symbol in which he has the exclusive right of use. His right to exclude, if a further analogy to the patent law may be drawn, is like that of the primary inventor who produces a new integer in the useful arts. In such a case, a commercial pirate should not be permitted to escape the charge of infringement by putting a different dress on the competing article he is offering in association with the invented word or symbol. "The jurisdiction to restrain the use of a trade-mark rests upon the ground of the plaintiff's property in it, and of the defendant's unlawful use thereof." Lawrence Mfg. Co. v. Tenn. Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997. If a word or symbol is of a character to be appropriated, and if it has been duly appropriated as a trade-mark, it becomes property; and a competitor's use thereof, either alone or in connection with matter to which its owner lays no claim, without the owner's consent, cannot be lawful.

The injury to property, which, of course, is the basis of a trade-mark suit, is well illustrated by this case. Appellant's constant insistence has been upon the word "Sapolio." The first customer, unfamiliar with the dress of the package, was taught by the advertisements to ask for the article by the arbitrary name. New customers have been continuously sought in the same way. Old customers, who had become acquainted with the dress of the genuine product, might not be deceived by an infringer of the coined word who associated it with a distinctive dress. But it may readily be conceived that the parasite, with respect to those members of the public who had not acquired a

familiarity with the dress of the genuine product, would divide the increasing benefits that flow from long-continued advertisements. Such a division might be avoided if appellant could sucessfully advise everybody that the original "Sapolio" could be distinguished from spurious "Sapolios" by means of the silvered wrapper, the blue band, and all of the minutiæ of appellant's dress. But, ought competitors to be allowed to force appellant to change its methods of advertising? To restrict appellant to a particular dress? To reduce appellant's integral invention to a mere element or feature in a combination claim?

So far as this record discloses, there was nothing to preclude appellant, in 1869, from taking and holding an exclusive property right in each of the marks. While it may be true that "the mere idea, represented by some figure on an article sold for polishing purposes, that it will make things bright enough to be used as mirrors, cannot be appropriated in a trade-mark" (Enoch Morgan's Sons v. Troxell, 89 N. Y. 293, 42 Am. Rep. 294), appellee has not brought into the record anything that assails the novelty in 1869 of representing the common idea by a drawing "of a human face observing itself reflected in a pan."

Respecting infringement, the record presents virtually two separate suits; but appellee raised no objection on that account. There is one contention that is common to both cases. It is insisted that, because appellant adopted the two marks in connection with one article, appellee may lawfully use either alone. Appellant's marks were adopted and registered separately. They have been used separately in the advertisements. The word mark has always been employed for denoting the compound, the pictorial mark for stating a characteristic. We are of the opinion that appellant acquired and has maintained a separate property right in each mark, which was not dependent upon a conjoint use.

In "Sapolio" and "Sopono" the accent is on the long "o" of the second syllables. The respective vowels of the first syllables are short and unaccented, and, as pronounced by persons of no great particularity in speech, would sound quite alike. And it may also be taken that in the mouths of scrubbers and scourers the four syllables of "Sapolio" would frequently be slurred into three, "Sapolyo." The resemblance is much closer than in the instances cited in American Grocery Co. v. Sloan (C. C.) 68 Fed. 539.

The fact that "Sapolio" is a cake and "Sopono" a powder is of no moment. The appeal is made to the same class of customers to use the respective articles for the same general purpose. Church-Dwight Co. v. Russ (C. C.) 99 Fed. 276.

In the pictorial marks there is no difference, except that appellee has substituted a young woman's face for a young man's.

The infringer rarely has the hardihood to make a Chinese copy. In respect to both of these marks, if greater similarity were required to establish infringement, nothing short of identity would suffice.

Of course, an actual infringer is answerable, irrespective of his intent; but there is a view in which intent has a bearing on the fact of infringement. Appellee's intent to profit by appellant's marks is quite apparent, we think, even when each of his acts is regarded separately; when taken together, his acts are unmistakable, just as the plea of

ignorance on the part of one who passes counterfeit money becomes untenable in the face of successive instances. If appellee had desired to build up an honest, independent trade in his product, he would have selected, as did appellant's fair-minded competitors, marks as distinct from appellant's as possible. Appellee's purpose being established, from it his opinion as an expert may be accepted that the steps he took were well adapted to injure the appellant company in its property rights.

The decree is reversed, with the direction to enter a decree in appellant's favor for an injunction and an accounting.