HOLEPROOF HOSIERY CO. v. WALLACH BROS.

(Circuit Court of Appeals, Second Circuit. July 31, 1909.)

No. 287.

1. TRADE-MARKS AND TRADE-NAMES (§ 85*)—RIGHT TO PROTECTION—MISLEADING NAME.

Manufacturers of hosiery under the name "Holeproof" are not precluded from an injunction protecting the use of such name by the fact that it is false and misleading; it being merely a boastful and fanciful word not intended as a representation that the hose manufactured and sold by complainant thereunder would never wear out.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 94; Dec. Dig. § 85.*

Misleading or false labels, see note to Raymond v. Royal Baking Powder Co., 29 C. C. A. 250.]

2. TRADE-MARKS AND TRADE-NAMES (§ 3*)—DESCRIPTIVE NAME.

A trade-mark "Holeproof" used in the manufacture and sale of hosiery is not objectionable as descriptive.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 6; Dec. Dig. § 3.*

Arbitrary, descriptive, or fictitious character of trade-marks and trade-names, see note to Searle & Hereth v. Warner, 50 C. C. A. 323.]

3. TRADE-MARKS AND TRADE-NAMES (§ 59*)—INFRINGEMENT—INJUNCTION.

The word "Knotair" is not an infringement of the word "Holeproof" as applied to the manufacture and sale of hosiery.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68, 72; Dec. Dig. § 59.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 95*)—INFRINGEMENT—PRELIMINARY INJUNCTION.

Where, in a suit to restrain the infringement of plaintiff's trade-mark and for unlawful competition, there was some evidence that defendants had sold hose of other manufacture for "Holeproof" hose of complainant's manufacture, a preliminary injunction restraining sales of such goods unless the customer is informed that the goods offered are not complainant's was properly granted.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Bill by the Holeproof Hosiery Company against Wallach Bros. From an order (167 Fed. 373) granting a preliminary injunction, defendant appeals. Modified and affirmed.

This cause comes here upon appeal from an order of the Circuit Court, Southern District of New York enjoining defendant:

(1) From "using and employing in connection with the manufacture, advertising or sale of hosiery, not the product of complainant, the word 'holeproof' or any like word."

(2) From "supplying in response to requests for 'Holeproof Socks,' or 'Holeproof Hosiery' any socks or hosiery not the product of complainant."

(3) From "using or employing in connection with the manufacture or sale of hosiery not the product of complainant the words 'Guarantee,' 'Guaranteed Hose' or 'Guaranteed Hosiery' or like words, provided and when such expressions are contained. printed, set forth or advertised in words, letters or figures or used or employed upon or in connection with style of package, labeling,

---

dressing, use of colors and arrangement of type calculated to induce the belief that defendant's guaranteed 'Knotair' hosiery is complainant's guaranteed 'Holeproof' hosiery."

(4) From "using or employing in connection with the manufacture, advertisement or sale of hosiery, not complainant's product boxes, labels, guarantee tickets, bands or devices identical with or like those shown in and by Exhibit A or Exhibit B."

(5) From "doing any act or thing in the manufacture, advertisement or sale of hosiery calculated to induce the belief, that any such product, not complainant's, is the product of complainant."

With the proviso that nothing in the order contained, "shall enjoin or restrain defendant from using the word 'Knotair' as applied to hosiery, when such use is not accompanied or induced by deceptive or imitative methods in the packing, labeling, dressing, use of colors and arrangement of type."

The opinion of the Circuit Court is reported in 167 Fed. 373.

A. P. Jetmore, for appellant.

Walter C. Booth (Frank F. Reed and Edward S. Rogers, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Inasmuch as this is an appeal from a preliminary order, and it is quite possible that in some respects the record made at final hearing may differ from that which is now before us, it seems wise carefully to restrict the discussion of the questions presented on the argument, and briefly to indicate our conclusions as to the merits of the precise case here presented.

Defendant contends that complainant has no standing in a court of equity because the name it has applied to its hosiery "Holeproof" is false and misleading. We are not impressed by this argument. No one surely could be misled into the belief that holes will not appear in complainant's socks if they are worn long enough, and it is difficult to conceive that any one could be fatuous enough to suppose that by the use of such a word he could deceive people by inducing a belief that the goods to which it was applied would never wear out. It is a boastful and fanciful word, easily to be distinguished from the "Syrup of Figs" and similar cases where the name or description involved misstatements as to the manufacture of the advertised product.

Nor do we find any particular force in the objection that the word is descriptive. The record, as it now stands, sufficiently indicates that by expensive advertising and large sales during several years the word "Holeproof" has acquired a secondary meaning, indicating to the prospective purchaser, not that socks sold under it are indestructible, but that they are those which complainant has been making and supplying to consumers, apparently to their entire satisfaction.

The injunction, however, is too broad, and should be modified in these respects.

(1) There is no evidence whatever in the record that defendant has ever used the word "Holeproof" or any other word than "Knotair" in connection with the manufacture, advertisement or sale of its goods. Indeed, since "Knotair" is its own distinctive trade-name there seems no likelihood of its doing so. Therefore, as we concur with the court below in the conclusion that, standing alone, the word "Knotair" is

not an infringement of "Holeproof," we find no warrant in the testimony for the first clause of the injunction.

(2) As to sales of defendant's product in response to a request for "Holeproof" hosiery, the testimony is conflicting. In the case of two sales the assertions of complainant's witnesses are squarely denied by defendant's. In two other cases the denial is not so positive; the witness not recollecting the precise transaction. Upon the record as it stands complainant is entitled to the security of an injunction, until final hearing, when the facts may be more fully shown. Such an injunction can work no prejudice to defendant, if it is truthful in the assertion that its sole object is to sell its own goods under their own name and on their own merits. The second clause of the order appealed from is, however, too broadly phrased. It would prevent selling to a customer, who asked for "Holeproof socks," any goods made by defendant, even after it was fully explained to such customer that they were not what he came to buy, but another and different brand made by defendant. It should be modified.

(3) Taking into consideration resemblances in shape and character of package which result from conformity to custom of the trade, we are unable to concur in the conclusion that there is sufficient similarity as to packages, labeling, etc., to warrant preliminary injunction, in the absence of proof that any one has been deceived by defendant's acts in that regard. This disposes of the third and fourth clauses of the injunction, which as thus modified is affirmed, with half costs of this appeal to defendant.