### BENJAMIN MOORE & CO. v. AUWELL.

(Circuit Court of Appeals, Second Circuit. April 18, 1910.)

#### No. 171.

TRADE-MARKS AND TRADE-NAMES (§ 75*)—UNLAWFUL COMPETITION—DECEPTION OF PUBLIC.

Complainant sold a wall covering under the name "Muresco." Defendant sold a similar material under the name "Murafresco;" the name being arrived at by shortening an older trade-name, "Muralofresco," used by others commercially before defendant had anything to do with the article. *Held*, not to constitute actionable unlawful competition; there being evidence that the public had not been deceived, and none to the contrary.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 86; Dec. Dig. § 75.*

Unfair competition see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the Eastern District of New York.

Suit by Benjamin Moore & Co., a corporation, against Louis C. Auwell. Decree for defendant (172 Fed. 508), and complainant appeals. Affirmed.

Edwards, Sager & Wooster, for appellant.
Edward C. Davidson, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The bill alleges infringement of a registered trade-mark and also unfair competition. The trade-mark is a fouled anchor with the words "Muresco" and "Moore's Muresco" in connection with it. There is absolutely no imitation of this trade-mark. The only ground of unfair competition is the use of the word "Murafresco"; there being no effort to make the defendant's packages resemble the complainant's or to pass off his goods as theirs. The name "Murafresco" was quite naturally arrived at, by shortening the older trade-name "Muralofresco," by other parties before the defendant had anything to do with the article, and had been used commercially for three or four years before this suit was brought. There is no proof that the public is deceived, the evidence being to the contrary. The resemblance between the words is so great as to make the case a close one, and evidence of bad faith on the defendant's part or of confusion on the part of the public would incline us to enjoin its use. Consideration of all the facts, however, causes us to concur with the trial judge.

The judgment is affirmed.

LACOMBE, Circuit Judge. There is, of course, no infringement of the registered trade-mark of the large fouled anchor with the word "Moore's" on its shank and "Muresco" on its arms and flukes. But the parties are citizens of different states, complainant asserts that it has a common-law trade-mark, to wit, the word "Muresco," and the testimony abundantly sustains the finding of the Circuit Court that this word, as used by it since 1892, was "the trade-name of a dry powder used for a nonwashable wall finish, and that its use was so general and well known as to furnish a nickname or adjective defining or identifying the entire list of products of Benjamin Moore & Co., as those of the corporation which sold the powder Muresco."

It seems to me that "Murafresco" is an imitation of this name, and that mere differences in the characteristics or consistency of defendant's hot-water calcimine are not material. The only reason why I concur with the conclusion expressed by Judge WARD is that, although the word "Muresco" is itself sufficiently fanciful and nondescriptive to be a good trade-mark, it was not open to the complainant when adopted in 1892. Prior to that time—since 1876, as the evidence shows—there was on sale in this country an English-made wall covering of somewhat similar character, which was known to the trade under the name "Duresco," and such trade-mark had not been abandoned. With this latter word already appropriated to such goods as a legitimate trade-mark, no one could, by merely changing its first

letter from "D" to "M," acquire any right to insist that the slightly modified word should be recognized as the trade-mark of his own goods. O'Rourke v. Central City Soap Co. (C. C.) 26 Fed. 576.

I concur in affirmance.