# IN RE WILCOX & COMPANY.

### TRADEMARKS; SIMILARITY OF NAMES.

1. The fact that an applicant for registration of a word as a trademark did not commence the use of the word until after the registration of a similar word by another applicant is a suggestive circumstance, and should receive consideration in the determination of the question of similarity between the two words. (Following *Wm. A. Rogers* v. *International Silver Co.* 34 App. D. C. 484.)

2. Registration as a trademark of the word "Autola" is properly denied by the Commissioner of Patents, on the ground of its similarity to the word "Au-to-do," already registered. (Citing *Walter Baker & Co.* v. *Harrison*, 32 App. D. C. 272, and *Wayne County Preserving Co.* v. *Burt Olney Canning Co.* 32 App. D. C. 279.)

3. In an *ex parte* proceeding for the registration of a word as a trademark, in which the Commissioner denies the application, on the ground of the similarity of the word with a registered trademark, the applicant, on an appeal, is not in a position to raise the question that the word already registered was not the proper subject for a technical trademark, and therefore its registration conferred no right on the registrant.

No. 655. Patent Appeals. Submitted November 9, 1910. Decided December 5, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for the registration of a trademark. *Affirmed.*

The facts are stated in the opinion.

*Mr. Frank F. Reed, Mr. Edward S. Rogers,* and *Mr. Francis M. Phelps* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a judgment of the First Assistant Commissioner of Patents, denying registration to the appellant, J. Fred Wilcox & Company, of the word "Autola" as a trademark for cigars, the ground for said denial being that the mark so closely resembles the registered trademark "Au-to-do" as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers.

The mark "Au-to-do" was registered as a technical trademark for cigars by a Chicago firm on July 28th, 1908. Appellant, also of Chicago, did not commence to use the mark "Autola" until November 9th, 1908. This circumstance is suggestive and, in a doubtful case, should receive consideration in the determination of the question of similarity. *Wm. A. Rogers* v. *International Silver Co.* 34 App. D. C. 484. Autola and Au-to-do are sufficiently alike in appearance and sound as easily to fall within the prohibition of the statute. *McLean* v. *Fleming,* 96 U. S. 245, 24 L. ed. 828; *Walter Baker & Co.* v. *Harrison,* 32 App. D. C. 272; *Wayne County Preserving Co.* v. *Burt Olney Canning Co.* 32 App. D. C. 279; *N. K. Fairbank Co.* v. *Luckel, K. & C. Soap Co.* 42 C. C. A. 376, 102 Fed. 327.

Appellant, however, makes the contention that the word "Au-to-do" is not a proper subject for a technical trademark, and therefore that its registration as such confers no right upon the registrant. Arguing from that postulate, appellant further contends that the question of resemblance between the registered mark and the mark under consideration is of no importance. Counsel for the Patent Office suggests that the word "Au-to-do" is not descriptive in the sense prohibited by the statute, but in a class with such words as "Uneeda." See *National Biscuit Co.* v. *Baker,* 95 Fed. 135. However that may be, we think appellant is not in a position here to question the registration of "Au-to-do." For the purposes of this case we must assume that it was properly registered. Section 13 of the trademark act of February 20th, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1282),

allows any person who shall deem himself injured by the registration of a trademark in the Patent Office to apply to the Commissioner of Patents to cancel such registration. In such a proceeding the registrant is entitled to be heard, and either party may appeal to this court. The statute having pointed out the procedure to be followed when the registration of a trademark is to be challenged, the statutory remedy must be pursued. If appellant's contention should be sustained, it would be possible, in an *ex parte* case like the present, to strike down the registration of a mark without giving the registrant an opportunity to be heard. Section 13 was enacted to prevent such a result.

Finding no error, the decision is affirmed, and the clerk will certify this opinion, as by law required.          *Affirmed.*