## CHAPELLE v. APPLEBAUM.

(District Court, E. D. New York. June 4, 1918.)

TRADE-MARKS AND TRADE-NAMES ⊙═95(4)—INFRINGEMENT—PRELIMINARY INJUNCTION.

Preliminary injunction granted, restraining defendant from using, on bottles containing a preparation of sandalwood oil, labels and wrappers with lettering and devices which, while not identical with those used for many years by complainant and his predecessors, and registered as a trade-mark, are so like as to indicate an intention to deceive purchasers.

In Equity. Suit by Philippe Chapelle against Samuel K. Applebaum, trading as the Montauk Chemical Company. On motion for preliminary injunction. Granted.

Mock & Blum, of New York City, for plaintiff.
Eadie, Innes & Walser, of New Brighton, N. Y., for defendant.

GARVIN, District Judge. Plaintiff moves to enjoin the defendant pendente lite from further making, offering, or selling the preparation known as "Santal Comp.," bottled by the Montauk Chemical Company, of Port Richmond, N. Y., or from further making, using, offering, or selling labels, wrappers, or containers used for said preparation.

The moving papers set forth that, for more than 40 years last past, plaintiff and his predecessors in title have continuously manufactured and sold throughout the world a preparation known as "Santal Midy," which consists of sandalwood oil in capsules, and that this preparation and the trade-mark and labels connected therewith have obtained a great and favorable reputation throughout the world; that the trademark "Santal Midy" has been duly registered as a trade-mark by

plaintiff's predecessors in the United States Patent Office on May 25, 1897, and again on October 17, 1911.

It further appears that in marketing this preparation Santal Midy bottles of peculiar shape and design have been continually employed, having a black seal with a yellow design thereon, bearing the words L. Midy, attached to the cork of each bottle. Each bottle has a label with a red and black border, having thereon "Santal Midy" in black, with a yellow and white design in the center. This design is unusual in character. It consists of a white circle, something over an inch in diameter, which contains a white design on a yellow ground. This design is described, in the statement which accompanied the application for the trade-mark filed in the United States Patent Office March 27, 1897, as a rising sun. The design also bears a striking resemblance to a full-face representation of an Indian chief. Each bottle has a wrapper upon which appears a duplicate of the label appearing on the bottle. On each end of the wrapper is a black seal, with a similar design thereon, and the words "L. Midy."

The defendant has caused to be made seals, labels, wrappers, and bottles, each of which complainant claims imitate those in use by him. The bottle of the defendant as wrapped presents an appearance similar to that of the plaintiff. It is true that the black and red border on the label and wrapper used by the plaintiff is replaced by a border of green; but the general appearance presents many points of striking similarity, which satisfies me that the defendant had attempted to employ them in marketing his wares for the purpose of deceiving the public. There is no reason to suppose that dealers would be deceived, but, as was remarked by Judge Lacombe in National Biscuit Co. v. Baker et al. (C. C.) 95 Fed. 135, "No one expects that they will be." The article marketed by the defendant is likewise a preparation of sandalwood oil, which accounts for his attempt to imitate the methods employed by the plaintiff in placing his preparation before the public.

The defendant denies that plaintiff has properly pleaded the continuous claim of title to the trade-mark in plaintiff and his assignors. I am of opinion that this allegation is sufficiently set forth in the bill of complaint, although the various assignments must be proved at the trial.

In December, 1914, defendant was using labels on packages containing a preparation of Santal Compound which plaintiff claimed was an imitation of the registered trade-mark of "Santal Midy." Plaintiff objected, and defendant forthwith discontinued their use. Defendant claims that in his opinion the labels he was using did not imitate or infringe upon plaintiff's registered trade-mark of "Santal Midy." Plaintiff claims that, after defendant agreed to discontinue the use of the labels, he knew nothing of the acts of defendant now complained of until about April 1, 1918.

The defendant also claims that the plaintiff thereupon gave him permission to use the labels and seals to which objection is now made. This is vigorously denied by the answering affidavit submitted in behalf of the plaintiff, and in view of the similarity of the labels and seals in question I cannot credit defendant's contention, particularly

as there was a previous use by the defendant of a design to which plaintiff objected as infringing upon his trade-mark, which he (defendant) abandoned.

I am of the opinion that the defendant has endeavored to take advantage of a market developed by the plaintiff and his predecessors, as the result of many years of business activity, and that he has, with that end in view, prepared a package which was calculated to mislead. The design in the center of the label satisfied me of this beyond doubt. This design consists of a white circle of the same size as that on plaintiff's label, containing a white design on a ground of substantially the same color as that used by plaintiff. This design is a profile of an Indian chief. The circle, colors, and subject-matter could have been selected with no other aim than to mislead the public.

The motion is granted, and an injunction will issue, restraining the defendant, until further order of the court, from further making, offering for sale, or selling the preparation bottled by the Montauk Chemical Company, of Port Richmond, N. Y., in the labels, wrappers, or containers now used for said preparation, and from further using said labels, wrappers, or containers in any manner whatsoever.