Application of STEPHENS–ADAMSON MFG. CO.

(Court of Appeals of District of Columbia. Submitted November 13, 1919. Decided January 5, 1920.)

No. 1259.

1. TRADE-MARKS AND TRADE-NAMES ☞44—APPLICATION MAY BE AMENDED BY STRIKING OUT WORD.

A trade-mark application to register the words "Unit Carrier" for roller brackets for belt conveyers may be amended by striking out the word "carrier."

2. TRADE-MARKS AND TRADE-NAMES ☞3(4)—"UNIT" AS TRADE-MARK FOR ROLLER BRACKETS FOR BELT CONVEYERS NOT DESCRIPTIVE.

The word "Unit," as a trade-mark for roller brackets for belt conveyers, is entitled to registration against the objection that it is descriptive.

Appeal from a Decision by the Commissioner of Patents.

Application by the Stephens-Adamson Manufacturing Company to register a trade-mark. From a decision by the Commissioner of Patents, denying the application, the applicant appeals. Reversed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

L. K. Gillson and C. B. Gillson, both of Chicago, Ill., for appellant.
T. A. Hostetler, of Washington, D. C., for appellee.

SMYTH, Chief Justice. [1] The Stephens-Adamson Manufacturing Company applied to have the words "Unit Carrier" registered as a trade-mark for roller brackets for belt conveyers; but the application was denied, on the ground that the words were descriptive. While the application was pending a motion for leave to strike out of the mark the word "Carrier" was overruled by the Commissioner of Patents. According to the decisions of this court (In re Beckwith, 48 App. D. C. 110, and authorities there referred to), this was error.

[2] Considering the mark as embracing merely the word "Unit," the question as to whether or not it is descriptive is a close one. We have sustained the word "Cream" as a valid trade-mark for baking powder over the objection that it was descriptive. And the following words have been upheld: "Holeproof," as applied to hosiery (Holeproof Hosiery Co. v. Wallach Bros., 172 Fed. 859, 97 C. C. A. 263); "Cream," as applied to rolled oats (Albers Bros. Milling Co. v. Acme Mills Co. [C. C.] 171 Fed. 989); "Anti-Washboard," as applied to soap (O'Rourke v. Central City Soap Co. [C. C.] 26 Fed. 576); and many others, equally suggestive, referred to in the last case, where the opinion is by Judge Brown, afterwards Mr. Justice Brown of the Supreme Court of the United States. He said of the words "Anti-Washboard" that they were not objectionable, "although the natural inference from them is that by the use of the soap the necessity of rubbing cloths is obviated." Continuing he ruled:

"We incline to the opinion that they are rather suggestive than descriptive, and that they may be properly claimed as a trade-mark."

It may be said that a mark to be suggestive must contain some element of descriptiveness; but if this be true, it seems from the foregoing decisions that this does not render it obnoxious to the law. The word "Unit" is not descriptive, therefore, because it may suggest to the mind that the carrier, consisting of three rollers, moves as one. Standing alone, it does not necessarily indicate "a plurality of similars." It refers as well to a single person or thing. Standard Dictionary, 1913. In electricity we speak of a unit current—one in which a unit quantity of electricity flows in unit time.

We think, therefore, that the applicant company, upon eliminating the word "Carrier," is entitled to have the word "Unit" registered as a trade-mark for the goods mentioned in its application.

The decision of the Commissioner is reversed.

Reversed.