### FEIL v. AMERICAN SERUM CO.

(District Court, N. D. Iowa, W. D. July 7, 1925.)

#### No. 122.

**I. Trade-marks and trade-names and unfair competition ⬦⟶43 — Descriptive words not properly subject to appropriation.**

Words merely descriptive of merchandise, either as to quality of article or its purpose, are not properly subject to registration under Act Feb. 20, 1905, and cannot be lawfully appropriated to exclusion of others.

**2. Trade-marks and trade-names and unfair competition ⬦⟶43—"Wormix," as a trade-mark for a vermifuge, being contracture of "worm" and "mixture," not subject to exclusive appropriation.**

"Wormix," as trade-mark for vermifuge and stock conditioner, being a contracture of "worm," which is a generally descriptive name, and "mixture," which means mixed or mingled, or a composition of several ingredients unaltered in properties, though thoroughly commingled, and is a general descriptive word, *held* not subject to appropriation or registration, under Act Feb. 20, 1905.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mixture.]

In Equity. Suit by Sidney R. Feil, doing business as the Ivo-San Laboratory, at Cleveland, Ohio, against the American Serum Company, of Sioux City, Iowa. Suit dismissed.

Thurston, Kwis & Hudson, of Cleveland, Ohio, and A. H. Bolton, of Sioux City, Iowa, for plaintiff.

Jepson, Struble, Anderson & Sifford, of Sioux City, Iowa, for defendant.

SCOTT, District Judge. An action by Sidney R. Feil, doing business as the Ivo-San Laboratory, at Cleveland, Ohio, against the American Serum Company, a corporation, of Sioux City, Iowa, to enjoin the infringement of an alleged registered trade-mark, and for damages for infringement. The plaintiff in substance alleges his adoption of a certain trade-mark name, "Wormix," which he alleges he has continuously used since the month of March, 1921, in connection with certain manufactured remedies for the treatment of hogs, sheep, horses, and cattle for worms, his preparation being in the form of medicated salt bricks, and that on or about the 25th day of April, 1922, he made application for registration of said trade-mark in the United States Patent Office, as a vermifuge and stock conditioner in class 6, "Chemicals, Medicines, and Pharmaceutical Preparations," and in requirements of the statutes of the United States obtained registration of said mark; his certificate of registration being issued November 7, 1922, and numbered 161,134, and that defendant, since his adoption of said trade-mark and now, is selling and offering for sale a certain worm remedy for hogs, and using as a designation of such remedy "Worm-X," which is applied to the containers in which the remedy is sold by means of a label.

The case was tried and submitted. The evidence shows that the defendant has and is engaged in the business of selling a worm remedy for hogs, and designates the same by labels on its liquid containers as "Worm-X," under which is printed "Liquid Worm Expeller." The defendant, however, in answering the plaintiff's petition, among other defensive matter, pleads "that the word or name 'Wormix' is not such a word or name as can be adopted by the plaintiff to the exclusion of the public generally, and alleges that the plaintiff has not acquired the exclusive right to the use of said name."

[1] The plaintiff urges that under Act of Congress approved February 20, 1905 (33 Stat. 724), defendant is precluded from the use of the mark or name used by it, and that such use is an infringement of plaintiff's mark. It is well settled that words merely descriptive of the merchandise, either of the quality of the article or its purpose, are not properly the subject of registration under the act of Congress referred to, and cannot be lawfully appropriated to the exclusion of others. See the many cases cited in note to section 9490, Compiled Statutes of the United States, and supplementary notes.

[2] The word "Wormix" is manifestly a contraction of the words "worm" and "mixture." It requires no extended discussion to convince that the word "worm" is a generally descriptive name, and not the subject in itself of registration or exclusive appropriation. The word "mixture" is defined by Webster as "that which is mixed or mingled; a mass or compound, consisting of different ingredients blended together; a medley." And again: "(Med.) A kind of liquid medicine made up of many ingredients." And again: "(Chem.) A composition of several ingredients, in which they remain unaltered in their properties, though thoroughly commingled." It would therefore appear certain that the word "mixture," used in the sense now contemplated, is a general descriptive word, and I think not the legal subject of appropriation or registration under the act referred to. I have found no authority for the proposition that one may take two general descriptive words and, by merely abbreviating one of them, appropriate the same to his exclusive use.

Plaintiff's mark "Wormix" is so clearly indicative of a description of a worm mixture, or worm remedy, as to leave no doubt in the mind. I am therefore of opinion that plaintiff's trade mark or name was not entitled to registration, and that such registration affords no protection. It seems to me that plaintiff's name or mark is more descriptive than many others which have been held not entitled to registration.

In Krank Mfg. Co. v. Pabst (decided by the Circuit Court of Appeals, Sixth Circuit) 277 F. 15, "Lather Kreem" was held descriptive merely and not entitled to registration. Eli Lilly & Co. v. Wm. R. Warner & Co. (decided by the Circuit Court of Appeals, Third Circuit) 275 F. 752, held that the name "Coco-Quinine" was not entitled to registration, being merely descriptive of the contents of the mixture. In re Swan & Finch Co. (decided by the Court of Appeals for the District of Columbia) 49 App. D. C. 95, 259 F. 991, held that the words "Slo Flo" were descriptive, and not entitled to registration, as they indicated merely a quality of lubricating grease. In re Chas. R. Long, Jr., Co., 51 App. D. C. 399, 280 F. 975, the same court held the word "Stabrite," as applied to a polish or coating for the front end and stacks of locomotives to preserve the metal, is a descriptive word, and not entitled to registration as a trade-mark. In re Alvah Bushnell Co. (decided by the Court of Appeals for the District of Columbia) 49 App. D. C. 133, 261 F. 1013, held that the mark "Safe T. Seal" was descriptive, and not entitled to registration.

In my opinion the words "worm mixture," or contraction "wormix," is equally descriptive merely of the properties of a remedy, and was not entitled to registration nor to be exclusively appropriated by the plaintiff.

It follows, therefore, that plaintiff's bill must be dismissed; and it is so ordered.