**WORNOVA MFG. CO., Inc., v. McCAWLEY & Co., Inc.**

(Circuit Court of Appeals, Second Circuit. March 26, 1926.)

No. 232.

1. **Trade-marks and trade-names and unfair competition ⬤⟿3(4)—Words "Wornova" and "Slipova," applied to garments, held too descriptive to be valid trade-marks.**

Word "Wornova," applied to garments manufactured by plaintiff and intended to convey idea of being worn over the body, and word "Slipova," applied to garments manufactured by defendant to convey idea of being slipped over the body, are too descriptive to be valid trade-marks.

2. **Trade-marks and trade-names and unfair competition ⬤⟿70(3)—Word "Wornova," applied to clothing, held not deceptively similar to word "Slipova," also applied to clothing, so as to constitute unfair competition.**

Word "Wornova," applied to children's play clothing manufactured by plaintiff, *held* not deceptively similar in appearance or sound to word "Slipova," applied to clothing manufactured for ordinary wear by defendant, so as to constitute unfair competition.

3. **Trade-marks and trade-names and unfair competition ⬤⟿68—Essence of unfair competition, authorizing injunction, is that defendant is palming off his goods as merchandise of another.**

Essence of unfair competition is that defendant is palming off his goods as merchandise of another, and if he so conducts his business as not to palm off his goods as those of complainant he cannot be enjoined.

4. **Trade-marks and trade-names and unfair competition ⬤⟿70(1)—Court of equity will not interfere, where ordinary attention by purchaser of article claimed to be deceptively similar to plaintiff's would enable him at once to discriminate one from the other.**

Court of equity will not interfere, on ground that defendant's goods are so deceptively similar to plaintiff's goods as to constitute unfair competition, where ordinary attention by purchaser would enable him at once to discriminate one article from the other.

5. **Trade-marks and trade-names and unfair competition ⬤⟿68—In absence of valid trade-mark in defendant's word symbol, plaintiff was entitled to injunction restraining defendant from sending letters to plaintiff's customers representing that plaintiff's symbol infringed defendant's trade-mark.**

In absence of valid trade-mark in word "Slipova," applied to clothing manufactured by defendant, plaintiff, manufacturer of children's play clothing under name "Wornova," was entitled to injunction restraining defendant from sending letters to plaintiff's customers, representing that plaintiff's symbol infringed defendant's trade-mark.

Appeal from the District Court of the United States for the Southern District of New York.

11 F.(2d)—30

Suit by the Wornova Manufacturing Company, Inc., against McCawley & Co., Inc., for infringement of copyright and unfair competition. Decree for plaintiff. Defendant appeals. Reversed.

Everett, Clarke & Benedict, of New York City (Herman S. Hertwig, of New York City, and William H. Surratt, of Baltimore, Md., of counsel), for appellant.

Emil Weitzner, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Appellee, a New York corporation, had issued to it the trade-mark "Wornova" on September 12, 1922. The appellant, a Maryland corporation, had issued to it the trade-mark "Slipova" on March 5, 1918. The appellee manufactures play clothes for children, including such garments as Indian suits, cowboy suits, scout suits, baseball suits, and overalls. About 90 per cent. of its business is the manufacture and sale of Indian and cowboy suits. The appellant is a much larger firm than the appellee, employing some 1,700 laborers, with 10 factories, and engaged in business throughout the country. It manufactures and sells clothing for children, and since 1918 manufactures clothing for adults. The appellee's manufactured products are principally play clothes for children, while the appellant's are designed principally for ordinary wear.

After final hearing, the decree entered below adjudged that the appellee had a valid copyright or trade-mark in the word symbol "Wornova," and that the appellant violated the appellee's rights in this trade-mark by making written and oral representations to the customers of the appellee that the word symbol "Wornova" was infringing the appellant's trade-mark, consisting of the word symbol "Slipova," and that it was engaged in unfair competition with the appellee. It restrained the appellant from infringing the trade-mark in any manner whatsoever, and decreed that the appellant be perpetually enjoined and restrained from interfering with the use of the appellee's trade-mark "Wornova," and otherwise interfering with the sale of appellee's clothes to its customers, by means of sending letters or communications, written or oral, to the appellee's customers. It decreed that the appellee's trade-mark does not infringe in any manner whatsoever the appellant's trade-mark "Slipova."

[1] Because we believe that neither the ap-

pellant nor the appellee have a valid trademark in either the word symbol "Wornova" or the word symbol "Slipova," the decree below must be reversed. The word symbol "Slipova" was intended to designate the idea of a garment being slipped over the body, and the word symbol "Wornova" intended to designate the idea of being worn over the body. Both are descriptive, more than suggestive, and neither may be claimed as trademarks. Mirrolike Mfg. Co. v. De Voe & Reynolds Co. (D. C.) 3 F.(2d) 846. They describe the garment and its use, and apprise the customer, one that it might be slipped over the body, and the other that it might be worn over the body. See In re Stephens-Adamson Mfg. Co., 262 F. 635, 49 App. D. C. 181; Holeproof Hosiery Co. v. Wallach Bros., 172 F. 859, 97 C. C. A. 263; William Waltke & Co. v. Schafer & Co., 263 F. 650, 49 App. D. C. 254; Fairbank Co. v. Central Lard Co. (C. C.) 64 F. 133.

[2, 3] Nor does the appellee's use of the word symbol "Wornova" for children's clothing constitute unfair competition with the appellant. They are not deceptively similar, either in appearance or sound. The essence of wrong of unfair competition is that a defendant is palming off its goods as the merchandise of another. If a defendant so conducts his business as not to palm off his goods as those of the complainant, he cannot be enjoined. Rouss v. Winchester (C. C. A.) 300 F. 706. There is no similarity sufficient to create a false impression in the use of these words; their character would not mislead or deceive any ordinary purchaser in the exercise of ordinary care and caution, particularly bearing in mind the character of business carried on by each of the litigants. There is no reason why injury should occur to either, and there is no injured party to redress.

[4] A court of equity will not interfere where ordinary attention by the purchaser of the article would enable him at once to discriminate one from the other. McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828. And where, as here, the name is sufficiently distinctive to avoid that misconception of the article of clothing, there can be no unfair competition. Valvoline Oil Co. v. Havoline (D. C.) 211 F. 189; Moore v. Auwell (C. C.) 172 F. 508, affd. 178 F. 543, 102 C. C. A. 53; Larson v. Wrigley, 253 F. 915, 166 C. C. A. 14. Where dishonest and disingenious simulation of a plaintiff's trade-mark is involved, and there is a mere different spelling of the name, the situation is different. Neither name here sounds alike. They do not look alike, and the way in which the words are used gives no

similar ocular impression. See American Grocery Co. v. Sloan (C. C.) 68 F. 539; Ohio Baking Co. v. National Biscuit Co., 127 F. 116, 62 C. C. A. 116; Enoch Morgan's Sons Co. v. Ward, 152 F. 690, 81 C. C. A. 616, 12 L. R. A. (N. S.) 729; Florence Mfg. Co. v. Dowd & Co., 178 F. 73, 101 C. C. A. 565; National Biscuit Co. v. Baker (C. C.) 95 F. 135.

[5] However, a court of equity, under the circumstances, can and should restrain the appellant from unfairly competing in a similar line of manufacture in sending letters of the character disclosed in the record to appellee's customers. In the absence of a valid trade-mark for the word symbol "Slipova," the letters were unjustified and were the essence of unfair competition.

A decree will be entered in conformity with this opinion, restraining the appellant from letter writing of the character disclosed by the record to the appellee's customers. In other respects, the decree will be reversed.

Decree reversed.