COLLINSPLATT et al. v. FINLAYSON et al.

(Circuit Court, S. D. New York. August 6, 1898.)

1. TRADE-MARKS—UNFAIR COMPETITION—GEOGRAPHICAL NAMES.

The false use of a geographical name will not be allowed by the federal courts, when it is so used to promote unfair competition and to induce the sale of spurious goods.

2. SAME—IMITATIVE LABELS—PROOF OF SALES.

The federal courts do not require specific proof of purchases by individuals actually deceived, when the labels themselves show an attempt at deception which is well calculated to deceive.

This was a suit in equity by Hawtry Collinsplatt and others against Alexander M. Finlayson and another to enjoin unfair competition in trade. The cause was heard on motion for a preliminary injunction.

Roger Sherman, for the motion.

De Los McCurdy, opposed.

LACOMBE, Circuit Judge. Whatever may be the decisions in the state courts, it is abundantly settled by authority in the federal courts that they will not tolerate a false use of a geographical name, when it is so used to promote unfair competition and to induce the sale of spurious goods. Nor do these courts require specific proof of purchases by individuals actually deceived, when the labels themselves show an attempt at deception which appears to be well-calculated to deceive. In the case at bar it is conceded that the gin made and sold by defendants is not made at Plymouth, but is distilled in this country. They are seeking to palm off a domestic as an imported article. Inspection of the labels must carry conviction to any unbiased and intelligent mind that the later label was prepared by some one who had seen the earlier one, and that it was designed, not to differentiate the goods to which it was affixed, but to simulate a resemblance to complainant's goods sufficiently strong to mislead the consumer, although containing variations sufficient to argue about should the designer be brought into court. This is the usual artifice of the unfair trader. It does not deceive the first purchaser from the manufacturer, but it is sufficient to mislead the subsequent retail purchaser, and thus, being sold at a less price than the genuine article, it eventually, if not enjoined, will interfere with the sales of the genuine article. It is quite common in such cases to find assertions by defendant that his goods are very superior to complainant's; that he has no intention to deceive anyone; that his labels are not at all an imitation; that in designing a form of package he has carefully endeavored to select a design which should distinguish his goods from all other goods in the world, including complainant's; and that his sole object has been to establish and maintain a distinct reputation for his own goods, as something different from complainant's. When there is a marked similarity in the labels, but little weight is given, by a court of equity, to such statements, and the mere circumstance that they are sworn to does not tend to increase respect for them, nor for the conscientiousness of the affiants who make them. The pendency of a similar action in the state court seems to present no

bar to the relief asked for. The injunction is continued until trial; with a further clause enjoining the use of the word "Plymouth" upon any packages containing gin not in fact made in Plymouth.