### BURNETT et al. v. HAHN.

(Circuit Court, S. D. New York. August 6, 1898.)

INFRINGEMENT OF TRADE MARK AND NAME — CEASING SALE AFTER SUIT BROUGHT—INJUNCTION.

When the article sold is inferior and spurious, and the packages sufficiently resemble complainant's to make it apparent that the design is to deceive the consuming public, injunction will be granted, although defendant is a dealer only, who purchased from the originator of the fraud, and, since action brought, has voluntarily ceased to deal in the goods.

Solomon Leistenstein, for the motion.
George Hahn, opposed.

LACOMBE, Circuit Judge. The label in this case does not bear as close a likeness to complainants' as is found in the Plymouth Gin Case (Collinsplatt v. Finlayson, decided to-day, 88 Fed. 693), but the spurious character of the goods sold is frankly admitted. The label somewhat resembles the complainants'; the style of bottle and of capsule are close copies; the label, by the use of the Union Jack, suggests an English origin; the designation "Old Tom," long associated with gin made by complainants and their predecessors, is used by defendant; while the statement that defendant's gin is manufactured by "Sir Edward Bruce & Co.," at the "Royal Distillery, London," is strongly suggestive of the words on complainants' labels, "Sir Robert Burnet & Co.," and "Vauxhall Distillery, London." In view of the concession upon the argument that the packages contain a cheap domestic gin, it is perfectly apparent that the designer of this form of package has been chiefly concerned in an attempt to deceive the consuming public. Defendant is a dealer only, who has purchased from the originator of the fraud with the intention of selling to others. Neither that circumstance, however, nor the further one that he has voluntarily ceased to deal in the goods since action begun, should deprive the complainants of their injunction, if otherwise entitled to it. The fraud being palpable, complainants may take injunction against the sale of gin in packages such as Exhibit B, or in similar packages, which, by collocation of label, bottle, stopper, capsule, and description, suggest the presence in the package of complainants' product, when the gin so sold is not in fact made by "Sir Edward Bruce & Co.," and was not in fact distilled at the "Royal Distillery, London."