KOSTERING v. SEATTLE BREWING & MALTING CO.

(Circuit Court of Appeals, Ninth Circuit. June 6, 1902.)

No. 834.

1. TRADE-MARK—LABEL FOR BEER BOTTLES—SIMILARITY—INJUNCTION.

Where, in a suit to enjoin the infringement of a trade-mark under which complainant had sold large quantities of beer, the bill shows that his beer had been bottled in dark glass bottles, labeled with a peculiarly colored label in blue and red, with a certain arrangement of the lettering, scrolls, and pictures thereon, and that defendant's label, used on bottles of the same color and shape, was almost identical in general appearance, and, though the words were different, the arrangements and colors were the same, and the letters were of the same size, style, and color, and arrangement of the scrolls and picture was the same, and that the bill was filed within three weeks after defendant designed his label, an injunction restraining defendant from selling beer under such label until the further order of the court would not be set aside.

Appeal from the Circuit Court of the United States for the Northern District of California.

F. J. Castelhun, for appellant.

M. S. Eisner, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The appellant appeals from an order of the circuit court enjoining him, until the further order of the court, from selling beer under a certain label. The injunction was granted upon the bill of the appellee and the affidavit of the appellant, in a suit brought to enjoin the infringement of the appellee's trade-mark, under which for three years before the commencement of the suit it shipped and sold large quantities of beer in California and elsewhere. The bill shows that the appellee's beer had been bottled in dark glass bottles, labeled with a peculiarly colored label in blue and red, containing at the top the words, "The Seattle Brewing & Malting Co.'s," in the center, at the right, the word "Rainier" above the word "Beer," at the left a circle displaying a picture of Mt. Rainier, and at the bottom in small letters the words, "John Rapp & Son, Sole Agents for California," together with some other words in small type, giving the telephone address and street address of its agents. The label which is alleged to infringe that of the appellee has at the top the words, "Los Angeles Brewing Co.'s," at the center at the right the word "Rhinegold" above the word "Beer," at the left a circle displaying a view of a waterfall with the rising sun beyond, and at the bottom the words, "Fred Kostering, Sole Dealer for San Francisco," and the telephone number.

We find it unnecessary to enter into any extended discussion of these two labels. While the words are different, the labels are in general appearance almost identical. They are of exactly the same size, are printed in the same blue and red colors, and are surrounded with the same red border. The words "Rainier Beer" in the one and "Rhinegold Beer" in the other are in fancy letters of exactly the same size and design, white with blue shading, and standing in high relief on red scrolls. The scrolls are identical in shape, color,

and position. The circles containing the small landscape view to the left of these letters are the same size in both, and are each surmounted by a conspicuous red scroll of the same design. The words "Los Angeles Brewing Co.'s" upon the one, and "The Seattle Brewing & Malting Co.'s" upon the other, are printed in the same colors, and are arranged upon the same curved lines. The bottles are of the same color and shape, surmounted with the same kind of stoppers. The differences are in the words as above pointed out and in the landscape views. There is also a difference in the small device, which is placed in each in the center of the name, at the top of the label. These differences are such as are usually introduced where the intention is to make an unfair use of an established trade-mark, and at the same time so far depart therefrom as to avoid the charge of infringement. It is argued, and it is true, that the differences are apparent to any one who will read and examine the labels, but that argument does not meet the question which the case presents: Are the resemblances between the two labels such that the consumer is likely to be misled? We have no hesitation in saying that they are, and that the variations are wholly insufficient to avoid the charge of infringement, or create a doubt that the label of the appellant was copied from that of the appellee, and was made in close imitation of all its salient features. A consumer who has been accustomed to purchase an article in a dress or a package which has become familiar to him does not stop to read and examine. Many of the consumers of beer are unable to read, and many are foreigners, and unacquainted with the English language. All consumers, whether able to read or not, are in fact guided by the general appearance of the package or label which is before them. The general appearance of the beer bottles, carrying these two respective labels, is strikingly similar. No argument can add force to the conviction which is produced by the mere sight of them. Collinsplatt v. Finlayson (C. C.) 88 Fed. 693; Fairbank Co. v. R. W. Bell Mfg. Co., 23 C. C. A. 554, 77 Fed. 869; Biscuit Co. v. Baker (C. C.) 95 Fed. 135. The appellant caused his label to be designed on March 9, 1892. This suit was instituted within three weeks thereafter, before the appellant had time to build up a trade under his label. We think that the ruling of the circuit court was clearly correct, and that the appellant was properly enjoined.

The decree is affirmed.