### DEVLIN v. PEEK et al.

(Circuit Court, S. D. New York. December 23, 1904.)

1. **UNFAIR COMPETITION—IMITATING PACKAGE.**

Though the words "Toothache Gum" are descriptive, and therefore may not be appropriated as a technical trade-mark, defendant may, on the ground of unfair competition, be enjoined from using the words in connection with a style of type used by complainant, and on a label of similar color.

[Ed. Note.—Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. **ACTIONS—PERSONS USING TRADE-NAME.**

Laws N. Y. 1900, p. 452, c. 216, § 363b, forbidding the carrying on of business under an assumed name, does not prevent institution of an action by one who has assumed a trade-name.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Names, § 7.]

Action to Restrain Infringement of Trade-Mark or Trade-Name "Toothache Gum," and for Unfair Competition.

Forbes & Haviland and Charles T. Haviland, for complainant.
Joseph C. Clayton and William G. McCrea, for defendants.

HAZEL, District Judge. The principal questions presented have just been decided by this court in an action brought by this complainant against John Bell McLeod, 135 Fed. 164, in the Western District of New York, for infringement of complainant's trademark and unfair competition. Both cases were considered at the same time. The McLeod Case was earlier, and the reasons for my views are set out in the decision filed therein.

As intimated at the hearing, it is thought that the words "Toothache Gum" are descriptive, and accordingly cannot be appropriated as a technical trade-mark. An examination of the evidence warrants the conclusion that the complainant is entitled to relief against the defendant on the ground of unfair competition. The similarities between the packages, namely, in the style and color of label, size and color of type, size of vial, when collocated, are thought to be sufficient to deceive an intending purchaser desiring complainant's article, and induce him to accept that of defendant for the genuine. The resemblance and collocation raises a presumption of wrongful intent. Collinsplatt v. Finlayson et al. (C. C.) 88 Fed. 693; Enterprise Mfg. Co. v. Landers, Frary & Clark (C. C. A.) 131 Fed. 241.

The point that the complainant carries on business in this state, and has brought this action under an assumed name, is untenable. By section 363b of chapter 216, p. 452, of the Laws of 1900 of the State of New York, it is forbidden to conduct or carry on business in the state of New York under an assumed name, or any designation other than the real name of the individual carrying on the business, unless a certificate is filed in conformity with the statute. This law does not forbid the institution of an action by an individual who has assumed a trade-name.

A decree may be entered, without costs, enjoining the defendants from the use of the words "Toothache Gum" in connection with a style of type similar to that used by complainant on a label of the same or similar color as that of complainant. So ordered.