. In re ALVAH BUSHNELL CO.

(Court of Appeals of District of Columbia. Submitted November 11, 1919.
' Decided December 1, 1919.)

No. 1248.

1. TRADE-MARKS AND TRADE-NAMES ⇐=11—"SAFE T SEAL" CANNOT BE REG-
ISTERED AS TRADE-MARK FOR ENVELOPES.
The word symbol "Safe T Seal," as a trade-mark for envelopes, etc.,
cannot be registered, in view of prior patents for safety envelopes, and
relating to a safety seal for envelopes, since it must be assumed that
the patented goods are known as safety envelopes, or safety seal enve-
lopes.

2. TRADE-MARKS AND TRADE-NAMES ⇐=3(4)—"SAFE T SEAL" AS TRADE-MARK
FOR ENVELOPES IS DESCRIPTIVE, WITHIN PROHIBITION OF TRADE-MARK ACT.
The word symbol "Safe T Seal," as a trade-mark for envelopes, wal-
lets, etc., would identify the goods on which it was used as either safety
seal envelopes or safe seal envelopes, and is not entitled to registration,
because descriptive, within Trade-Mark Act, § 5 (Comp. St. § 9490).

Appeal from a Decision by the Commissioner of Patents.

Application by the Alvah Bushnell Company to register a trade-mark.
From a decision of the Commissioner of Patents, refusing registration,
the applicant appeals. Affirmed.

E. T. Fenwick, L. L. Morrill, and C. R. Allen, all of Washington,
D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from the deci-
sion of the Commissioner of Patents refusing registration of the
word symbol "Safe T Seal" as a trade-mark for envelopes, wallets,
letter files, jackets, etc.

[1] Counsel for the Commissioner discloses the existence of patent
to D'Agostina, dated February 8, 1916, for safety envelopes, and also
patent to Halloran, dated July 25, 1905, which is described as relat-
ing "to a safety seal for envelopes." It must be assumed that the goods
of the respective patentees are known to the trade as "safety envelopes,"
or "safety seal envelopes." This designation, having been established
by virtue of the patents, even if arbitrary, would not be available as
a trade-mark for either of the patentees for goods of the same class
as those patented. It follows that, if by their use the marks could
not be registered as trade-marks by the persons first applying them to
the patented articles, a stranger could not adopt either of them as a
trade-mark for the same class of goods.

[2] Treating the mark independently, the test here is the impres-
sion which it would make upon the public. It is clear that the trade
would identify the goods bearing the mark either as safety seal en-
velopes or safe seal envelopes. In either case the mark is descriptive
of the goods, and comes within the prohibition of section 5 of the
Trade-Mark Act of February 20, 1905 (33 Stat. 725, c. 592 [Comp. St.
§ 9490]).

⇐=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as required by law.

Affirmed.