Application of B. F. GOODRICH CO.

(Court of Appeals of District of Columbia. Submitted November 21, 1922. Decided January 2, 1923.)

No. 1531.

1. Trade-marks and trade-names and unfair competition ⌾═43—Pneumatic tires and rubber hose have same descriptive properties.

Pneumatic tires for automobiles and rubber hose and belting have the same descriptive properties.

2. Trade-marks and trade-names and unfair competition ⌾═43—Probable confusion as goods of same manufacturer establishes "same descriptive properties."

If the use of the marks by the contending parties would be likely to lead the public to believe that the goods to which they are applied were produced by the same concern or person, the goods possess the same descriptive properties.

⌾═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Trade-marks and trade-names and unfair competition ⊚⇒43—"Safety," as applied to automobile tire, is descriptive word.**

The word "safety," as applied to an automobile tire, is a descriptive word, and not entitled to registration as a trade-mark.

4. **Trade-marks and trade-names and unfair competition ⊚⇒43—Act of 1920 does not authorize registration of mark used for goods of the same descriptive properties.**

A trade-mark similar to the prior mark used on goods of the same descriptive properties cannot be registered as a trade-mark under Act March 19, 1920, in view of the express prohibition of section 1 of that act.

Appeal from the Commissioner of Patents.

Application of the B. F. Goodrich Company for registration of a trade-mark. From a decision refusing the registration, the applicant appeals. Affirmed.

Horace A. Dodge, of Washington, D. C., and Robert M. Pierson, of Akron, Ohio, for applicant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. The Commissioner of Patents refused registration of the word "Safety" as a trade-mark for pneumatic tire casings made of rubber combined with fabric, on the ground that the word had been previously registered for "conducting hose composed of rubber and fabric," which the Commissioner ruled were goods of the same descriptive properties as those on which applicant used its mark, and also on the ground that the word is descriptive.

[1, 2] We decided in Gutta-Percha & Rubber Manufacturing Co. v. Ajax Manufacturing Co., 48 App. D. C. 230, that automobile tires and rubber hose and belting have the same descriptive qualities. It follows from this decision, which we adhere to, that the goods covered by the prior registration and those of the applicant have the same descriptive properties. No rule has been formulated by which it may be determined in every case that arises whether the goods involved have the same descriptive properties. The nearest approach to it is this: That, if the use of the marks by the contending parties would be likely to lead the public to believe that the goods to which they are applied were produced by the same person or concern, it must be so because the goods possess the same descriptive properties. California Packing Corp. v. Price-Booker Manufacturing Co. — App. D. C. —, 285 Fed. 993. Applying that rule here, we think the Commissioner was right, for we believe that a person observing the mark on a tire casing and on a rubber hose would be likely to assume that the goods were the products of the same concern.

[3] It seems to us also that the mark is clearly descriptive. To the mind of a prospective purchaser it would convey the impression that the tire might be used with approximate safety—that it would not skid or do any other thing which might cause injury. The case is ruled by

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

our decision in Re Alvah Bushnell Co., 261 Fed. 1013, 49 App. D. C. 133, where it is said that the impression which the mark would make upon the public is the test.

[4] Nor is there any merit in the contention that the mark is entitled to registration under the Act of March 19, 1920 (41 Stat. 533). Section 1 of that act says:

"That trade-marks which are identical with a known trade-mark owned and used in interstate and foreign commerce, or commerce with the Indian tribes by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers, shall not be placed on this register."

This mark, for the reasons already pointed out, falls within the class which the section forbids the Commissioner to register. Therefore his decision is affirmed.

Affirmed.