### BRODERICK v. L. MITCHELL & CO.

(Court of Appeals of District of Columbia. Submitted March 12, 1923. Decided May 7, 1923.)

#### No. 1570.

1. **Trade-marks and trade-names and unfair competition ⬦43—Arguable differences do not disprove deceptive similarity.**

   The fact that arguable differences may be easily pointed out between the marks of opposer and of applicant is not enough to disprove deceptive similarity.

2. **Trade-marks and trade-names and unfair competition ⬦43—"White Magic" and "Magic Marvel" are deceptively similar.**

   The trade-marks "White Magic" and "Magic Marvel" when applied to cleansing compounds are deceptively similar, since the same word "Magic" gives character to each.

3. **Trade-marks and trade-names and unfair competition ⬦44—Opposer need not have registerable trade-mark.**

   Under Trade-Mark Act, § 6 (Comp. St. § 9491), any one who believes that the mark of an applicant would damage him has the right to oppose its registration, and it is not necessary to enable him to maintain his opposition that he should have a registered trade-mark or one that is registrable, since, even if he cannot exclude others from using the mark, he may be damaged by giving to another an exclusive right to use it.

Appeal from the Commissioner of Patents.

Application by Edward G. Broderick for registration of trade-mark, opposed by L. Mitchell & Co. Decision denying registration, and applicant appeals. Affirmed.

Paul Synnestvedt and H. L. Lechner, both of Philadelphia, Pa., for appellant.

J. A. Dienner and A. H. Boettcher, both of Chicago, Ill., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SMYTH, Chief Justice. The Commissioner of Patents sustained the opposition of L. Mitchell & Co. to Broderick's application for registration of the trade-mark "White Magic." Mitchell & Co. uses the mark "Magic Marvel." Both parties are engaged in selling a cleansing compound. It is manifest, therefore, that the goods to which they apply their respective marks have the same descriptive properties. Mitchell & Co. adopted its mark some time in 1915, while Broderick cannot claim a date prior to 1919. If, therefore, the marks are deceptively similar, Mitchell & Co. are entitled to prevail.

[1, 2] We believe the marks are deceptively similar. Arguable differences may be easily pointed out, but this is not enough. Waltke & Co. v. Schafer & Co., 49 App. D. C. 254, 263 Fed. 650. The word "Magic" gives character to each. In the trade the goods of both parties, if the two marks were used, would soon be known as the Magic Compound or Cleaner. This would lead to the very confusion which the statute aims to prevent.

[3] Section 6 of the Trade-Mark Act (Comp. St. § 9491), as construed by this court in Arkell Safety Bag Co. v. Safepack Mills, —— App. D. C. ——, 289 Fed. 616, decided at this sitting, gives the right to any one who believes that the mark of an applicant would damage him the right to oppose its registration. In order that he may maintain his opposition it is not necessary that he should have a registered mark, or one that is registerable. Atlas Underwear Co. v. B. V. D. Co., 48 App. D. C. 425; McIlhenny Co. v. Trappey, 51 App. D. C. 216, 277 Fed. 615. If the mark of the applicant is so nearly like his as to be likely to lead intending purchasers to believe that the goods of the applicant were put out by the opposer, and to buy them on that assumption, thereby damaging the latter, the statute affords him a right to object to the applicant's mark being registered. It may be that the opposer is not entitled to the exclusive use of his mark. None the less he has the right to resist the applicant's attempt to appropriate to himself its exclusive use where, as here, the use of the two marks would probably deceive.

The Commissioner did not err in denying registration to the applicant's mark, and hence we affirm his decision.

Affirmed.