# DRIVE IT YOURSELF COMPANY *vs.* JAMES D. NORTH ET AL.

*Trade Names—Unfair Competition—Descriptive Words— Exclusive Right.*

The right of a corporation to the exclusive use of its own name exists at common law, and it includes the further right to prohibit another from using a name so similar to the corporate name as to be calculated to deceive the public.          p. 614

Unless the words have acquired in the mind of the public a secondary meaning as denoting the goods or business of a particular company, a corporation cannot acquire the right to the exclusive use in its name of words merely generic or descriptive of a particular business, so as to be able to enjoin their use in the name of another corporation, in the absence of actual fraud or intent to deceive.    p. 614

The rule prohibiting the exclusive appropriation of descriptive words as part of a corporate name is similar to the rule prohibiting the exclusive use of such words as trade marks or trade names.    p. 615

Whether a particular name or phrase is descriptive is to be determined, not by whether the words are exhaustively descriptive of the article designated, but whether, in themselves, and as they are commonly used by those who understand their meaning, they are reasonably indicative and descriptive of the thing intended.    p. 616

The phrase "drive it yourself," when applied to the hiring of automobiles, describes the character and nature of the business to which it refers, and the inclusion thereof in a corporate name does not give the corporation the exclusive right to its use, or the right to restrain its use by others, unless the phrase has acquired a secondary meaning in the community, whereby the public understands it as denoting only the business of that corporation.    pp. 616, 617

Evidence that the Drive It Yourself Company had, in Baltimore City, after being in business eighteen months, served six thousand customers, and had forty-five cars available for hire, held not to show that the phrase "drive it yourself" had acquired in that community a secondary meaning as referring exclusively to that company's business.    pp. 618, 619

The mere fact that a person started a business in a particular locality, and conducted it successfully for a brief period of time, is not sufficient to give such person the exclusive right in that locality to use the descriptive name by which the business is generally known throughout the country.    p. 619

The facts that the good will of a corporate business is valuable, and that the business is identified by descriptive words

in the corporate name, are not alone sufficient to entitle the corporation to an injunction against the use of such words in another corporate name.                    p. 619

*Decided June 29th, 1925.*

Appeal from the Circuit Court of Baltimore City (SOL-TER, J.).

Bill by the Drive It Yourself Company against James D. North and Edward J. Davis. From a decree for defendants, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*Ogle Marbury* and *Harry O. Levin,* for the appellant.

*George W. Lindsay* and *Everett C. Wilson,* with whom were *Sauerwein, Lindsay & Donoho* on the brief, for the appellees.

WALSH, J., delivered the opinion of the Court.

According to the agreed statement of facts in this case, one Philip Milstone, in January, 1923, began the business of hiring automobiles in the City of Baltimore to people who wished to drive the automobiles themselves. In August, 1923, Mr. Milstone, who was the pioneer in this field in Maryland, formed a corporation known as the "Drive It Yourself Company," which corporation continued the same business, with Mr. Milstone as president of the company. From the inception of the business the phrase "drive it yourself" was used to describe and designate it, and large sums of money were spent in advertising it. The business has been continuously carried on at No. 1725 North Charles Street, and has proved successful, forty-five automobiles being now used by the company, and the number of its customers being more than five thousand.

In 1916 one Warwick Saunders originated in Omaha, Nebraska, the business of letting automobiles without drivers to people who desired to do their own driving, and used the slogan "drive it yourself" to designate and advertise the business. From this small local beginning Saunders and his associates have gradually developed and expanded the business until it is now in operation in forty-five cities in the United States. In the course of this expansion a simple, efficient and practical plan of conducting the business, including a system of bookkeeping, method of handling the cars, and form of advertising, was developed, and the whole plan was finally called the "Saunders Drive It Yourself System." This system is owned by the "Saunders Drive It Yourself Company," but the "drive it yourself" business in various cities is managed by local corporations or representatives to whom the system is supplied by the original company. It is also stated that a red and green label containing the words "Saunders Drive It Yourself System" was copyrighted by the original company, and appears on practically all advertising matter used by members of the system throughout the country, including their envelopes, letter-heads, contract forms, operating blanks, newspaper notices, etc. Shortly before August 20th, 1924, the appellees, who were the defendants below, opened up as co-partners a business known as the "Saunders Drive It Yourself System" at No. 8 East North Avenue, in Baltimore City, just a few blocks from the place of business of the appellant, and on the date just mentioned the appellant filed its bill of complaint against the appellees asking that they "be permanently enjoined and restrained from using or imitating the phrase or slogan "drive it yourself," either separately or in the window design at present employed by them on or about their place of business, or elsewhere, either on signs or by any device, or on their letterheads, bill-heads, advertisement stationery, either in full or as part of its name." The bill of complaint pointed out the use of the phrase "drive it yourself" as part of the complainant's corporate name, set out the establishment by the com-

plainant of this sort of business in Baltimore, and alleged that the use of the phrase by the defendants confused the customers of the complainant, and caused many of them to think that the place of business of the defendants was a part or branch of the complainant's business, but it did not allege any fraud or active deception by the defendants, other than the deception which the complainant alleged arose from the use of the phrase in question, and the proximity of the appellees' place of business to the place of business of the appellant. The defendants' answer denied that their use of this phrase was confusing to the customers of the complainant, and alleged that they had done nothing to deceive those customers or to cause them to think that there was any connection whatever between the complainant's business and that of the defendants, and the answer then alleged that the business they were starting was simply a further extension of the business established many years before by Warwick Saunders; that they were the Maryland representatives of the Saunders system and were using the label, advertising matter and other features of that system. A large mass of exhibits showing the label and advertising matter used by the Saunders System in other states was filed in the case, and from these it appeared that the phrase "drive it yourself" has been constantly used by the Saunders system all over the United States, and the agreed statement of facts also shows that the phrase is used by many others engaged in the same business outside of Maryland, and that similar expressions, such as "U drive it" have also been used.

The case was submitted to the court below on the bill of complaint, answer, agreed statement of facts, and exhibits, and that court having declined to grant the relief asked, and having dismissed the bill of complaint, the complainant appealed. The appellant contends that it is entitled to an injunction for two reasons; first, to protect its corporate name, and second, on the ground that even if the phrase "drive it yourself" is held to be descriptive, and hence not subject to exclusive appropriation as part of a corporate name, it has.

nevertheless, acquired a secondary meaning in Maryland, which refers entirely to the appellant's business, and hence its use by the appellees constitutes unfair competition.

There is no statute in Maryland governing the right of a corporation to the exclusive use of its own name, but such right exists at common law, and it includes the further right to prohibit another from using a name so similar to the corporate name as to be calculated to deceive the public. *Afro-American Owls v. Talbot,* 123 Md. 465.

In the case just cited this Court held that an organization known as the "Order of Owls" could not, in the absence of any proof of injury, restrain another corporation from using the name "Afro-American Order of Owls," and it was further held that the rule for determining whether or not the right to the exclusive use of a name had been infringed was, "that where in the opinion of the court the similarity of names was such as was shown to have deceived the public, or to be liable to deceive the public, the injunction has been granted, and where this was not the case the injunction asked has uniformly been refused." See also *Creswill v. The Knights of Pythias,* 225 U. S. 246; *American Clay Mfg. Co. v. American Clay Mfg. Co.,* 198 Pa. 189; *Plant Seed Co. v. Michael Plant & Seed Co.,* 37 Mo. App. 313; 14 C. J. 310, 326.

This general right of a corporation is, however, subject to certain qualifications and exceptions, one of which is that "unless the words have acquired in the mind of the public a secondary meaning as denoting the goods or business of a particular company, a corporation cannot acquire the right to the exclusive use of * * * words merely generic or descriptive of a particular business, class of goods, process, sect, etc., which any one may lawfully use, so as to be entitled to enjoin their use by another corporation or association in its name, in the absence of actual fraud or intent to deceive." 14 C. J. 329, 330. See also *Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co.,* 128 U.. S. 598; *Koebel v. Chicago Landlords' Protective Bureau,* 210 Ill. 176; *Edison*

*v. Mills-Edisonia,* 74 N. J. Eq. 521; *Michigan Savings Bank v. Dime Savings Bank,* 162 Mich. 297, and a number of cases collected in the note in L. R. A. 1917 C, 958.

In view of the rule just quoted, we find it unnecessary to decide whether or not the similarity between the names "Drive It Yourself Company," and "Saunders Drive It Yourself System," is sufficient to justify the court in enjoining the use of the latter as being a deceptive infringement of the former, because in our opinion the phrase "Drive It Yourself" is descriptive of the business in which the parties to this suit are engaged, and hence, under the authorities heretofore cited, it is not the subject of exclusive appropriation. There are innumerable cases in which the courts have been called upon to decide whether or not certain names were descriptive of the business being conducted under them, but as the decisions in these cases depend upon the particular name and business involved they furnish at best only a general guide by which future cases can be determined. However, it may prove helpful, and it is certainly of interest, to consider some of these decisions. It is to be noted that the rule prohibiting the exclusive appropriation of descriptive words as part of a corporate name is similar to the rule prohibiting the exclusive use of such words as trade marks or trade names, and as both rules are based on the same principle, we have cited cases indiscriminately from each class. In *Motor Accessories Mfg. Co. v. Marshalltown Motor Material Mfg. Co.,* 167 Iowa, 202, the first named company was held to have no right to restrain the second from using the name "Marshalltown Motor Material Mfg. Co.," though both were engaged in the sole business of manufacturing spark plugs; in *Travelers Ins. Mach. Co. v. Travelers Ins. Co.,* 143 Ky. 216, the term "travelers insurance" was held to be descriptive; in *Basket Stores v. Allen,* 99 Neb. 217, the phrase "basket store" was held to be descriptive; in *Choynski v. Cohen,* 39 Cal. 501, the name "antiquarian bookstore" was held to be descriptive; in *Ball v. Broadway Bazaar,* 194 N. Y. 429, the combination of the words "lilliputian bazaar"

was held to be descriptive; in *Farmers' Loan & T. Co. v. Farmers' Loan & T. Co.*, 1 N. Y. Supp. 44, the phrase "loan and trust company" was held to be descriptive; in *Car Adv. Co. v. New York City Car Adv. Co.*, 123 App. Div. 926, 108 N. Y. Supp. 1131, the term "car advertising" was held to be descriptive; and in *Bolander v. Peterson*, 136 Ill. 215, 11 L. R. A. 350, the term "Svenska sunsmagasiat" which is Swedish for "Swedish snuff shop" was held to be descriptive. In *Winchester Repeating Arms Co. v. Peters Cartridge Co.*, 30 App. D. C. 505, the term "self-loading" was held to be descriptive as applied to cartridges, and hence invalid as a technical trade-mark; and the same was held of the phrase "what is it?" in *Oakes v. St. Louis Candy Co.*, 146 Mo. 391; of "roachsault" as applied to an insecticide in *Barrett Chemical Co. v. Stern*, 176 N. Y. 27; of "keepclean" as applied to tooth brushes in *Florence Mfg. Co. v. Dowd*, 178 Fed. 73; of "toothache gum" in *Devlin v. Peek*, 135 Fed. 167, affirmed in 144 Fed. 1021; of "international banking company" in *Koehler v. Sanders*, 122 N. Y. 65; of "aerators" in *Aerators v. Tollit*, 86 L. T. N. S. 651. And see generally the cases collected in the notes in 38 *Cyc.* 711, 712; 14 *C. J.* 313, 329, 330; L. R. A. 1917 C, 958, and L. R. A. 1918 A, 975. The best statement we have found of any general rule by which it can be determined whether or not a particular name or phrase is descriptive is that announced by Judge Morris in the case of *Rumford Chemical Works v. Muth;* 35 Fed. 524, 1 L. R. A. 44, in which he said: "The true test, it appears to me, must be not whether the words are exhaustively descriptive of the article designated, but whether in themselves, and as they are commonly used, by those who understand their meaning, they are reasonably indicative and descriptive of the thing intended."

Measured by this rule we have no hesitancy in holding that the phrase "drive it yourself" is descriptive of the business in which the appellant is engaged. The words are ordinary English words in everyday use, the combination in which they are used, when applied to the hiring of automo-

biles, accurately designates and describes the character and nature of the business to which they refer, and the exhibits filed in the case show that the phrase is used and understood throughout the country as indicating that particular business.

The growth of the automobile industry in this country has, during recent years, been enormous, and with the steadily increasing use of cars and the corresponding increase in the number of persons who can drive them, it is not at all improbable that there will be in the immediate future a very large and constantly growing demand for automobiles hired on the "drive it yourself" plan.   Twenty-five years ago the words "taxi-cab" and "garage," and the terms "oil station," "gas station," and "filling station" were not in more common use than the phrase "drive it yourself" appears to be now, and it would certainly have led to very regrettable results had the courts of a quarter of a century ago held that the words and terms above mentioned were not descriptive, and could be exclusively appropriated by the person or organization first using them.   Nor do we think that the use in some places of the phrase "U drive it" to designate the same business destroys or affects the descriptive character of the phrase we are considering.

From what we have said, it follows that the appellant has not acquired a right to the exclusive use of the phrase "drive it yourself" simply because it is included in its corporate name, and it accordingly has no right to restrain others from using it, unless the phrase has acquired a secondary meaning in Maryland, or at least in Baltimore City, whereby the public understands the phrase as denoting only the business of the appellant.

It is, of course, not contended that the phrase has acquired any secondary meaning throughout the State of Maryland, because the appellant has not established its business anywhere in Maryland except in Baltimore City.   The question of whether or not it has acquired such a meaning in the latter place is one of fact, and we do not think the facts in

the present case show that it has acquired such a meaning even in Baltimore City. The appellant's business was orig-inally started only eighteen months before the appellees started theirs, it was started in a city with a population of nearly eight hundred thousand people, and yet at the time this suit was instituted the total number of people served by the appellant since the inception of the business was less than six thousand, and it had only forty-five cars available for hire. It appears that the business was "widely advertised" and that large sums of money were expended for this pur-pose, but the precise nature and extent of this advertising is not shown, and it is impossible to tell from the record that any considerable proportion of the people in Baltimore even know of the existence of the appellant's business. And judged by the number of persons who have availed them-selves of the service offered by the appellant, an average of about ten a day, the court would certainly not be justified in holding that the public generally in Baltimore under-stands the "drive it yourself" business to mean the appel-lant's business.

One of the leading cases on the subject of the secondary meaning of descriptive words is that of *Cellular Clothing Co. v. Maxton & Murray* (1899) App. Cas. 326, and in that case the Lord Chancellor said (page 336) : "Where you are dealing with a name which is properly descriptive of the article, the burden is very great to show that, by reason of your using that name descriptive of the article you are sell-ing, you are affecting to sell the goods of somebody else." And further in the opinion (page 343) it was held to be especially difficult to prove that a descriptive word or phrase had acquired a secondary meaning, where the original user of it had at first a legal or actual monopoly "for the simple reason that the plaintiff was the only maker of the goods dur-ing the time that his monopoly lasted, and, therefore, there was nothing to compare with it, and anybody who wanted the goods had no shop to go to, or no merchant or manufacturer to resort to except the plaintiff." And to the same effect see

*Kellogg Toasted Corn Flake Co. v. Quaker Oats Co.,* 235
Fed. 657, 644, 666, and *Horlick's Malted Milk Co. v. Summerskill,* 85 L. J. Rep. (July, 1916), 340.

Applying these rules to the facts before us, it seems obvious that the appellant has failed to prove that the phrase
"drive it yourself" has acquired any secondary meaning in
Baltimore City.

The courts are solicitous to prevent unfair competition in
business, and to protect against unfair practices persons who
have established and developed a business, service or product,
stamped in the public mind with the impress of the builder's
skill or reputation, but the courts are equally solicitous to
encourage fair competition and thus protect the public against
the evils which flow from private monopolies. Every form of
business must have a beginning, and it would be dangerous
to hold that the mere fact that a person started a business in
a particular locality, and conducted it successfully for a
brief period of time, was sufficient to give such person the
exclusive right, in that locality, to use the descriptive
name by which the business was generally known elsewhere
throughout the country. It is admitted that the good will of
the appellant's business is valuable, and that the business is
identified by the corporate name, but these facts standing
alone are not sufficient to entitle the appellant to the relief
asked. It has no right to be protected from all competition,
but only from unfair competition, and as there is no evidence in the case of any fraud or deceptive practices on the
part of the appellees, and the appellant has failed to prove
the acquisition of any secondary meaning in connection with
the descriptive phrase used as part of its corporate name and
by which its business is designated, we are compelled to hold
that the appellees have not been guilty of any unfair competition.

Our attention has been called to the case of *Saunders System Atlanta Co., Inc., v. Drive It Yourself Co. of Georgia,*
158 Ga. 1, decided by the Supreme Court of Georgia on
March 13th, 1924, in which that court protected the Drive

It Yourself Company of Georgia against the use of the phrase "drive it yourself" by the Saunders System Atlanta Company, of which latter company Warwick Saunders, the originator of the "drive it yourself" business, was president. An examination of the opinion in that case shows that the court found that the phrase "drive it yourself" had acquired a secondary meaning in the City of Atlanta by which it denoted the business of the local company, and it also found that the Saunders System Atlanta Company was holding itself out as the "Drive It Yourself Co.," and was thus deceiving the customers of the local company. Taking these two facts as the basis of its decision, it held that the Saunders System Atlanta Company was guilty of unfair competition and prohibited it from using the phrase "Saunders Drive It Yourself System." It is apparent that this decision furnishes no precedent for the case before us, because the Georgia decision rests on certain findings of fact concerning the secondary meaning of the phrase "drive it yourself" in Atlanta, and the deceptive conduct of the Saunders Company, while in this case, on a different state of facts, we find there is no secondary meaning to the phrase in Baltimore, and no deception by the appellees.

For the reasons heretofore given the decree appealed from will be affirmed.

*Decree affirmed, with costs to the appellee.*