## CIRCUIT COURT OF BALTIMORE CITY.

Filed April 3, 1926.

ELEANOR L. COOKSEY
VS.
LUCY N. CODD.

*J. Paul Schmidt* for plaintiff.
*Edward J. Colgan, Jr.,* for defendant.

FRANK, J.—

This is an application for a temporary injunction to restrain the defendant from using the name or combination of words "Waffle Inn" in connection with the conduct of a lunch or tea room in Baltimore City. No demurrer or answer has been filed to the bill of complaint. A temporary restraining order has been issued and the plaintiff has filed an injunction bond in the penalty of five hundred dollars. Counsel for both sides have been heard.

At this stage of the proceedings, the well pleaded allegations of the bill of complaint must be accepted as true. Among these allegations appears the averment that by reason of the long and continued use thereof "the said name or combination of words has acquired a special or secondary meaning as applied to her (plaintiff's) business of lunch and tea room and to her place of business."

In the case of Drive-It-Yourself Company vs. North, 130 Atl. Rep. 57, 60 and fol., Judge Walsh, speaking for our Court of Appeals, held that the question of whether or not words, descriptive in character and therefore, not susceptible of exclusive appropriation, have acquired a secondary meaning as applied to, and indicative of, the plaintiff's goods or business, is one of fact. Without deciding at this time, whether the words "Waffle Inn" in their ordinary significance are merely descriptive of the business conducted by the plaintiff, in view of the allegation of secondary meaning of the words above set forth and of deceptive use thereof by the defendant, I shall direct the issuance of a temporary injunction as prayed in the bill of complaint. The penalty of the bond will be fixed after consultation with counsel.