## CALIFORNIA CYANIDE CO. v. AMERICAN CYANAMID CO.

Patent Appeal No. 2315.

Court of Customs and Patent Appeals.

May 28, 1930.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds, George J. Hesselman, and Ernest H. Merchant, all of New York City, and R. K. Stevens, of Washington, D. C., of counsel), for appellant.

H. S. Bierman, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences dismissing the notice of opposition of appellee and holding that appellant was entitled to the registration of the trade-mark "Calcyanide" for use on fumigants.

In its notice of opposition, appellee, the American Cyanamid Company, declared that it would be injured by the registration of appellant's trade-mark for the following reasons:

"1. That from a date prior to the date of alleged use of the trade mark sought to be

registered, and continuously to the present time, the American Cyanamid Company has used the trade mark 'Calcium Cyanide' in interstate commerce for fumigants, and that the trade mark 'Calcyanide' is deceptively similar thereto."

The case was submitted to the Examiner of Interferences upon an agreed statement of facts. It appears therefrom that the goods of the parties possess the same descriptive properties; that the words "calcium cyanide" have been used on its goods by appellee since 1921; that appellant has used the trademark "Calcyanide" on its goods since December, 1925; that the goods of the parties are sold and used in practically all parts of the United States; that "calcium cyanide" is a chemical compound; and that the fumigant of appellant "contains commercially pure calcium cyanide," whereas that of appellee "contains crude calcium cyanide."

We quote from the agreed statement of facts:

"10. Eimer and Amend catalogue·dated August, 1920, lists on page 194 the materials Calc-sinter and Calc-tufa as chemicals in stock and for sale. These names designate. calcium compounds.

"11. The Pharmacopoeia of the United States of America (1926) lists calcium salts giving the word 'Calcii' as the designation for calcium on pages 86–91. On pages 92 and 93 the word 'calx' is used to designate lime.

"12. M. W. Randall and Victor I. Safro if called and examined as witnesses on behalf of applicant would testify that the term 'Calcyanide' was coined and adopted by the applicant, California Cyanide Company, as a trade mark for its product because it suggests one of the ingredients of the product to which it is applied; because it suggests the name of the applicant—'Cal' being the abbreviation for California and 'Cyanide' being the second word in applicant's name; and because it is in harmony with applicant's established trade marks 'Calcy' and 'Calcyco.'"

The sole question for determination is whether the term "calcyanide" is descriptive or merely suggestive of· appellant's goods.

It is conceded that the words "calcium cyanide" used by appellee are descriptive, and that appellee is not the exclusive owner of those words for trade-mark purposes. If the term "Calcyanide" is descriptive, the opposition was properly sustained. If it is merely suggestive, appellant is entitled to registration of its mark.

The Examiner of Interferences held that the words "calcium cyanide" were purely descriptive of appellee's goods, that they did not perform the function of indicating origin, and that, as appellee was not the owner of the mark "Calcium Cyanide," it could not, under the statute, oppose the registration of appellant's mark "Calcyanide." The question of whether or not the mark "Calcyanide" was "descriptive" was not discussed in the decision.

On·appeal, the Commissioner of Patents· held that the opposer, appellee, had the legal right, if it could show that it would be damaged thereby, to oppose the registration of appellant's mark "Calcyanide," although, due to the fact that its mark "Calcium Cyanide" was descriptive, it (appellee) did not have the right to its exclusive use and was not the owner thereof. In support of his holding, the Commissioner of Patents cited the case of Touraine Co. v. F. B. Washburn & Co., 52 App. D. C. 356, 286 F. 1020, 1022, 1923 C. D. 174, and quoted the following from the decision of the Court of Appeals of the District of Columbia:

"Of course, a trade-mark use of a mark is not necessary in a proceeding of this kind. If the opposer can show in any way that he would probably be damaged by its registration to the applicant he may do so. The trade-mark statute (section 6, 33 Stat. 726 [Comp. St. § 9491 (15 USCA § 86)]) is our chart. There is nothing in) it which says that a person must own a trade-mark, registered or not, before he can oppose the registration of the mark to another person. All that the statute requires of him, according to our interpretation, is to prove facts which, if true, would tend to show that he would probably be damaged by the registration."

In holding that appellant's mark "Calcyanide" was descriptive, and therefore not registerable as a trade-mark, the Commissioner said:

"A comparison of the two marks shows that they have the same essential characteristics as to appearance and meaning. The applicant's mark consists merely in writing calcium cyanide as one word, omitting the syllables 'cium' of the first. By stipulation it is agreed that 'calc' has been written for calcium in compound words including calcium; also, that it is common practice to write the words calcium cyanide either as two words or as a single word. It is also stipulated that calcium cyanide is the name of a chemical compound known for a number of years.

"With this understanding of the facts in-

volved it must be held that the applicant's mark is a mere variant of the opposer's mark, and is descriptive of the chemical compound calcium cyanide. * * *"

It is claimed by appellant that the mark "Calcyanide" is not descriptive, but, on the contrary, is merely suggestive of the ingredients, qualities, or characteristics of its fumigants, that it is not found in the dictionaries nor in the "common language of the trade," and that it is merely a coined word used to indicate the origin of appellant's product.

The second proviso of section 5 of the Trade-mark Act of 1905 (15 USCA § 85) provides:

" * * * Provided, That no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, *or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this subdivision of this chapter.* * * *" (Italics ours.)

Although a descriptive mark is not registerable as a trade-mark, one that is merely suggestive of the character or quality of goods is entitled to registration. Orange Crush Co. v. California Crushed Fruit Co., 54 App. D. C. 313, 297 F. 892. There are many other decisions of the courts to the same effect.

It appears from the record that the word "calcium" is frequently abbreviated and the word "calc" is substituted therefor as a part of a compound word to indicate calcium compounds; for example, "Calc-sinter" and "Calc-tufa." The word "Calcii" is also used to designate calcium.

Cyanide is a "compound of cyanogen with a metallic element or radical." Funk & Wagnalls' New Standard Dictionary. The same authority defines "calcium" as "a silver-white, malleable, metallic element, never occurring free, but widely distributed in combination."

There are many calcium, as well as many cyanide, compounds. In view of the fact that both calcium and cyanide are compounds, neither ever occurring free, and as the word "calcium" is frequently abbreviated to "calc" when used in conjunction with other words to designate calcium compounds, it would seem to be evident that the word "calcyanide" is but an abbreviation of the term "calcium cyanide." If the word "calc" is used with the word "cyanide"—calcyanide—to designate calcium cyanide, the trade-mark of appellant has been formed by merely omitting the letter "c" in either cyanide or calc and using the two words as one.

Counsel for appellant argues that the word "calcyanide" is merely highly suggestive. We are not of this opinion.

In view of the facts of record, we think that the involved mark is reasonably descriptive of appellant's fumigant, and that it is not indicative of its origin, but of its quality and character. See Drive It Yourself Co. v. North et al., 148 Md. 609, 130 A. 57; In re Central Consumers Company, 32 App. D. C. 523; Electro Steel Co. v. Lindenberg Steel Co., 43 App. D. C. 270; In re Swan & Finch Co., 49 App. D. C. 94, 259 F. 990; In re Alvah Bushnell Co., 49 App. D. C. 133, 261 F. 1013; In re Charles R. Long, Jr., Co., 51 App. D. C. 399, 280 F. 975.

It is well settled that the statutory right to oppose the registration of a trade-mark does not depend upon the exclusive ownership by an opposer of a similar mark. It is only necessary that the opposer establish that he would probably be damaged by the registration of an applicant's mark. Touraine Co. v. F. B. Washburn & Co., supra; Broderick v. L. Mitchell & Co., 53 App. D. C. 220, 289 F. 618, and cases cited.

Section 7 of the Trade-mark Act of February, 1905 (15 USCA § 87), provides that " * * * in every case of interference or opposition to registration he [the Commissioner of Patents] shall direct the examiner in charge of interferences to determine the *question of the right of registration to such trade-mark,* and of the sufficiency of objections to registration. * * *" (Italics ours.) Accordingly, the Patent Office tribunals may, in an opposition proceeding, dispose of any question relating to the proposed registration that might properly arise in an ex parte case. In re Herbst, 32 App. D. C. 565.

In view of the fact that appellant's mark is descriptive of the goods of appellee as well as those of appellant and as appellee would probably be damaged by the registration complained of, it had a legal right to oppose such registration.

For the reasons stated, the decision is affirmed.

Affirmed.