BARRETT CHEMICAL COMPANY, Respondent, *v.* JULIUS STERN, Appellant.

TRADE MARK — WHEN COMMON ENGLISH WORDS, OR A COMBINATION THEREOF, CANNOT BE ADOPTED AS SUCH. An exclusive proprietary right to the use of a common English word, or a combination of such words, for the purpose of identifying the class, grade, style or quality of a commercial article, or for any purpose other than a reference to or indication of its ownership, cannot be acquired by the prior adoption and use thereof upon the label of any article, and the subsequent employment

of such word or combination of words by another to describe the character, quality and use of a similar article does not constitute a trespass or infringement of a trade mark.

*Barrett Chemical Co.* v. *Stern,* 71 App. Div. 616, reversed.

(Argued June 24, 1903; decided October 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 19, 1902, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adolph L. Pincoffs* and *Arthur Furber* for appellant. The use by the defendant of the words " Warranted Chemical Roach Salt " is no infringement of any trade mark owned by the plaintiff. (*Clotworthy* v. *Schepp,* 42 Fed. Rep. 82; *C. M. Co.* v. *Alcorn,* 150 U. S. 460; *Gessler* v. *Grieb,* 80 Wis. 21; *Gilman* v. *Hunnewell,* 122 Mass. 139; *L. H. H. D. Co.* v. *Stucky,* 46 Fed. Rep. 624; *Keasbey* v. *B. C. Works,* 142 N. Y. 467.) This action cannot be maintained on the ground that the defendant has been guilty of unfair competition. (*Day* v. *Webster,* 23 App. Div. 601; *E. W. Co.* v. *I. W. Co.,* 179 U. S. 665; *C. Co.* v. *Marshall,* 97 Fed. Rep. 785; *Fischer* v. *Blank,* 138 N. Y. 244; *S. Mfg. Co.* v. *J. Mfg. Co.,* 163 U. S. 169; *Higgins* v. *H. S. Co.,* 144 N. Y. 462; *C. C. Co.* v. *Maxton,* L. R. [App. Cas. 1899] 336.)

*Charles B. Meyer* for respondent. Plaintiff's word " Roachsault " is a valid trade mark for an insecticide. (*Keasbey* v. *B. C. Works,* 142 N. Y. 473; *Burnett* v. *Phalon,* 3 Keyes, 594; *Waterman* v. *Shipman,* 130 N. Y. 310; *Selchow* v. *Baker,* 93 N. Y. 65.) The word " Roachsalt " as used by the defendant is an imitation of plaintiff's trade mark " Roachsault." (*Keasbey* v. *B. C. Works,* 142 N. Y. 474; *Waterman* v. *Shipman,* 130 N. Y. 310.) Defendant's use of the word " Roachsalt " is with intent to defraud the plaintiff and deceive the public, and such is the result. (*Vulcan* v.

*Meyer*, 139 N. Y. 367; *Mfg. Co.* v. *Trainor*, 101 U. S. 51; *Fairbanks Co.* v. *Luckel*, 102 Fed. Rep. 327; *Fairbanks Co.* v. *Bell*, 77 Fed. Rep. 869; *S. W. L. Co.* v. *Cary*, 25 Fed. Rep. 125; *Von Munn* v. *Frash*, 56 Fed. Rep. 830; *Waterman* v. *Shipman*, 130 N. Y. 311; *Lever* v. *Goodwin*, L. R. [35 Ch. Div.] 1; *Selchow* v. *Baker*, 93 N. Y. 65; *A. M. Co.* v. *Spear*, 2 Sandf. 608.)  Defendant is guilty of unfair competition. (*Fuller* v. *Huff*, 43 U. S. C. C. A. 454; *M. B. Co.* v. *C. & M. B. Co.*, L. R. [App. Cas. 1899] 83; *Carlsbad* v. *Kutnow*, 71 Fed. Rep. 167; *A. W. W. Co.* v. *U. S. W. Co.*, 173 Mass. 85; *Block* v. *Standard*, 95 Fed. Rep. 978; *Koehler* v. *Sanders*, 122 N. Y. 74.)

O'BRIEN, J.   The plaintiff is the assignee of what is claimed to be a trade mark, or business label, which had been adopted by another company some time before the assignment, and used to advertise a preparation known as " Roachsault," for destroying roaches and other insects.   The defendant manufactures and sells an article to be used for the same purpose with what is alleged to be a trade mark and label which describes the article as " Roach salt."   The plaintiff has condensed into one word the description of the article, with a peculiar spelling of salt, while the defendant uses two words with the ordinary and correct spelling.

The plaintiff contends that the use by the defendant of the words and label amounts to a trespass or infringement of his trade mark, and in this contention he has been sustained by the courts below, and the defendant has been enjoined by the judgment from using the word in his business.   The complaint avers the use by the defendant of a label sought to be enjoined in which the most prominent feature displayed is that of a large roach or insect, with the words " Stern's Insectago " upon the body of the insect, with other words descriptive of the article and what it does in the way of destroying insect life.   The most prominent words upon the label are, " Warranted Chemical Roach Salt," and the last word contains the only possible similarity between the two labels.   In all other

respects they are entirely different. The defendant's label differs in size, color, workmanship and descriptive words from that of the plaintiff, and any one intending to purchase the plaintiff's goods could not be misled by the defendant's label. It is not claimed or averred in the complaint that the public have been deceived by the use of the word by the defendant, or that there was any such intent or purpose on his part to deceive.

The question, therefore, is whether the plaintiff has such an exclusive proprietary right to the use of a common English word, or a combination of such words, as to entitle him to debar all others from the use of the same in the absence of fraud or intent to deceive. The word "Roach" can be used as descriptive of the common insect whose life is sought to be destroyed by the use of the article, and so the word "salt" may be used since it is a word in common use to describe chemical preparations and an article for the preparation of food. The two words may be united and used as one word to describe a salt to be used for the purpose of destroying roaches. Where a common word is adopted or placed upon a commercial article for the purpose of identifying its class, grade, style or quality, or for any purpose other than a reference to or indication of its ownership, it cannot be sustained as a valid trade mark. Words of this character correctly describing the purpose to which the article is to be put cannot be exclusively used as trade marks. (*Columbia Mill Co.* v. *Alcorn*, 150 U. S. 460; *Cooke & Cobb Co.* v. *Miller*, 169 N. Y. 475.) The office of a trade mark is to point out distinctively the origin or ownership of the article to which it is affixed, and no sign or form of words can be appropriated as a valid trade mark which, from the fact conveyed by its primary meaning, others may employ with equal truth, and with equal right, for the same purpose. (*Elgin National Watch Company* v. *Illinois Watch Case Company*, 179 U. S. 665.) The sole question in the case is whether the plaintiff has a technical trade mark that has been invaded by the act of the defendant. Both parties are engaged in the same

business and both have made use of a common word to describe the character, quality and use of an article for destroying insect life. The fact that the plaintiff made use of the word before the defendant did not give him the exclusive right to it since it was merely descriptive of the article. There is no allegation or finding that any fraud was intended or committed, or that the defendant by the use of the word palmed off his goods to the public as the goods of the plaintiff. The case in its legal aspect is practically the same as if each party had labeled his goods "Roach Poison" instead of "Roach Salt." They are all common descriptive words indicating to the purchaser of the article that it was a powder or preparation for destroying roaches or other insects, and when the two labels are compared with respect to size, color, character and advertising caption, descriptive of the thing to which it is attached, they are so dissimilar that it is scarcely possible that any observer possessing reasonable intelligence who wanted to procure the plaintiff's goods would be likely to be deceived or mistake the defendant's article for that of the plaintiff's.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., BARTLETT, VANN, CULLEN and WERNER, JJ., concur; MARTIN, J., absent.

Judgment reversed, etc.