### RONCORONI v. GROSS et al.

(Supreme Court, Appellate Division, First Department.   March 11, 1904.)

1. TRADE-MARK—USE OF FOREIGN WORDS.
    A manufacturer cannot obtain an exclusive right to adopt as a trade-
    mark a phrase of a foreign language, fairly describing the manufactured
    article.

2. LABEL—RIGHT TO EXCLUSIVE USE.
    A manufacturer will be restrained from using a label in imitation of the
    label of another manufacturer of the same product, so as to induce the
    public to believe that they are purchasing the product of the latter when
    they are purchasing the goods of the former.

Appeal from Special Term.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON,
INGRAHAM, and LAUGHLIN, JJ.

J. J. Lesser, for appellants.
Louis Steckler, for respondent.

INGRAHAM, J.   By an order entered at Special Term the defend-
ant was enjoined and restrained from using "the words 'Conserva Di
Tomate' as a designation of any tomato preserves or paste, or other
product manufactured, sold, or dealt in by them, or either of them,"
and, further, from in any manner using or imitating the label of the
plaintiff, and from that order the defendants appeal.   It appears that
the word "tomate" is an Italian word for the tomato, only used in a
small territory situated in the north of Italy, and is not the Italian
name for tomatoes except in that locality; that the Italian word for
tomato is "pomidora," but that in the United States the word "tomate"
has been generally understood by˙ Italians to refer to the tomato and
that the phrase "Conserva Di Tomate," adopted by the plaintiff to
designate the contents of the cans manufactured and sold by him, would
indicate that the article was a preserved tomato.   The defendants orig-
inally produced and sold the article manufactured by them under the
name of "Conserva Di Pomidoro," and some time before the com-
mencement of this action changed the name to "Conserva Di Tomate,"
the same name under which the plaintiff's product had been manufac-
tured and sold in the market.   It would seem to be clear that, as this
name adopted by the plaintiff was Italian for "preserved tomato," the

plaintiff could not acquire by its use in describing articles manufactured and sold by him a trade-mark, so that others could not use the same phrase as describing the articles manufactured and sold by them. It is the Italian for the article that the plaintiff manufactured and sold, and it is now well settled that no one can acquire a trade-mark by the use of words of a foreign language which correctly describes the article manufactured any more than a trade-mark can be acquired in the words of the English language which properly describe such product. It is quite clear that the plaintiff could not, by calling this article "preserved tomatoes," acquire the exclusive right to use that phrase, nor could he, by adopting the Italian words which are a translation of the English words describing the character of what he manufactures, acquire a trade-mark in the Italian words. Caswell v. Davis, 58 N. Y. 223, 17 Am. Rep. 233; Barrett Chemical Co. v. Stern, 176 N. Y. 27, 68 N. E. 65. The words used by the plaintiff are descriptive. They are the Italian for "preserved tomatoes" used in a portion of Italy and among Italians in the United States; and, though there is another Italian name for tomato in more general use than that adopted by the plaintiff, still the word "tomate," more closely resembling the English name of the vegetable, is none the less a name which describes the vegetable from which the plaintiff's product is manufactured; and the name, taken as a whole, is a fair description of the manufactured article. This is not the case where an entirely arbitrary name, having no relation to the quality or nature of the article manufactured, has been invented by the plaintiff, but is an Italian phrase, which fairly describes the manufactured article, and I think the plaintiff can obtain no exclusive right to call the manufactured article by this name. The affidavits, however, disclose a clear attempt by the defendants to imitate the plaintiff's label, which entitled the plaintiff to an injunction restraining the defendants from such imitation as will induce the public to believe that they are purchasing the plaintiff's goods, when in reality they are purchasing goods prepared and manufactured by the defendants.

The order must be modified by striking out the provision restraining the defendants from using the words "Conserva Di Tomate" as descriptive of the product sold, but continuing the injunction so as to restrain the defendants from using the label a copy of which is annexed to the complaint, or any other label in imitation of that of the plaintiff, and the order appealed from, as thus modified, is affirmed, without costs to either party on this appeal. All concur.