W. G. REARDON LABORATORIES, INC., Plaintiff, *v.* LEO MILLER and Others, Copartners, Trading under the Name of MILLBRO LABORATORIES, Defendants.

Supreme Court, New York County, April 30, 1931.

*Broadwin & Mannheimer* [*Howson & Howson* of counsel], for the plaintiff:

*Alexander B. Greenberg*, for the defendants.

FRANKENTHALER, J. In *Barrett Chemical Co.* v. *Stern* (176 N. Y. 27, 30) the Court of Appeals held that the manufacturer of a preparation for destroying roaches known as ", Roachsault" was not entitled to enjoin another who subsequently placed upon the market a product described as " Roach Salt." The court in its opinion pointed out that the word " Roach " was descriptive of the insects for the destruction of which the articles were intended, that the word " salt " is a " word in common use to describe chemical preparations," and that " the case in its legal aspect is practically the same as if each party had labeled his goods ' Roach Poison ' instead of ' Roach Salt.' They are all common descriptive words indicating to the purchaser of the article that it was a powder or preparation for destroying roaches or other insects."

In the instant case the plaintiff's products are known as " Mouse Seed " and " Rat Seed." The defendants have recently commenced to manufacture and sell a preparation labeled " Mouse and Rat Seed." If the word "seed" were used to describe an article intended to propagate plants, flowers or other forms of vegetable or animal life, the case would no doubt be analogous to the *Barrett Chemical Co. Case* (*supra*), since the word " seed " would be truly descriptive of the product itself. When the word is,

however, applied to a product intended for the extermination of mice and rats, it seems to me that it is not used in its natural significance, and that it may be said to have acquired a secondary meaning, capable of exclusive appropriation. As applied to a rat poison or mouse poison, the word " seed " is fanciful and not descriptive. (See Nims Unfair Competition and Trade-Marks [3d ed.], chap. 4.)

The motion for a temporary injunction is accordingly granted.