## McKESSON & ROBBINS, Inc., v. CHARLES H. PHILLIPS CHEMICAL CO.

### No. 292.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

For former opinion, see 53 F.(2d) 342.

Taylor, Durey, Pierson & Comley, of Stamford, Conn. (H. H. Ramsey and Edward S. Rogers, both of New York City, Allen M. Reed, of Chicago, Ill., and Norris E. Pierson, of Stamford, Conn., of counsel), for appellant.

Marsh, Stoddard & Day, of Bridgeport, Conn. (Harry D. Nims and Wallace H. Martin, both of New York City, and Vincent L. Keating, of Bridgeport, Conn., of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

We have held the registered trade-mark "Milk of Magnesia" invalid because it was not in the actual and exclusive use of the defendant, or its predecessors, during ten years next preceding February 20, 1905, as required by section 5 of the Federal Trade-Mark Act (15 USCA § 85), and also because the defendant had abandoned the mark. But we said that this invalidity of the mark "Milk of Magnesia" did not affect the defendant's other trade-mark "Leche de Magnesia." In reaching this conclusion about "Leche de Magnesia," we gave too little consideration to the fact that the name "Leche de Magnesia" ought not to have been registered under section 5 when "Milk of Magnesia" was an invalid trade-mark because not in the exclusive use of the defendant during the ten-year period, and when "Leche de Magnesia" might readily be taken for the English mark.

In the first place each mark employs the word "Magnesia," and that fact when the compounds on which "Milk of Magnesia" and "Leche de Magnesia" are used are identical is likely to result in confusion. Moreover, "Leche" being the Spanish for "milk" is a word that has always been known to the many Spaniards in the United States and Porto Rico and readily becomes understandable by others. Thus it stands on quite a different footing from words taken from the language of Hottentots or Patagonians which might be so unfamiliar as to be in effect fanciful or arbitrary terms. That "Milk of Magnesia" is sold in the United States and called for under the name "Leche de Magnesia" is apparent from the record (pages 132–136) and from the inherent probabilities of the case. Consequently "Leche de Magnesia" is the ready equivalent of "Milk of Magnesia" to many people.

It has been the general practice of the Patent Office and of the courts to deny registration to any misleading term even where it only becomes misleading through the understanding of a foreign language. This is a sound rule which has long been followed. The words "exclusive use" in section 5 of

the Trade-Mark Act have been regularly interpreted to mean exclusive use not only of the specific mark, but also of any other confusingly similar mark or term. In re Maclin-Zimmer-McGill Tobacco Co., Inc., 49 App. D. C. 181, 262 F. 635; In re Bradford Dyeing Ass'n, 46 App. D. C. 512; Barclay v. Carter Medicine Co., 41 App. D. C. 240; Kentucky Distilleries & Warehouse Co. v. Old Lexington Club Distilling Co., 31 App. D. C. 223; Eastman P. M. Co. v. Comptroller-General, L. T. N. S. 195. See also Orange Crush Co. v. California Crushed Fruit Co., 54 App. D. C. 313, 297 F. 892; Marsh Capron Mfg. Co. v. Bates Machine & Tractor Co., 53 App. D. C. 235, 289 F. 633.

For the foregoing reasons we hold that the complainant was entitled to a decree canceling the trade-mark "Leche de Magnesia," as well as the mark "Milk of Magnesia," and the decree of the District Court is accordingly in all respects affirmed.

MANTON, Circuit Judge (dissenting).

"Leche de Magnesia" is the Spanish for "Milk of Magnesia." It cannot be said to be commonly understood by an English-speaking public. The trade-mark for this name was registered under the "ten-year" clause of the Trade-Mark Act of 1905 (section 5). Registration under this section was possible because of the exclusive use by its owner for ten years prior to 1905, and the fact that the mark had acquired secondary meaning. It is no bar to registration that the words are somewhat descriptive. Thaddeus Davids Co. v. Davids, 233 U. S. 461, 34 S. Ct. 648, 58 L. Ed. 1046; Rossmann v. Garnier, 211 F. 401 (C. C. A. 8). Section 5 contemplates that any mark which was not a technical trade-mark but which had been actively and exclusively used by the applicant, or his predecessors, for the required time, could be registered as a trade-mark. There is ample evidence that the term "Leche de Magnesia" was meaningless even to the drug trade. We are only concerned with its meaning within the United States. The decision as heretofore rendered should be affirmed. I dissent.