## In re FEDERAL CEMENT TILE CO.
### Patent Appeal No. 2977.

Court of Customs and Patent Appeals.
May 23, 1932.

J. Bernhard Thiess, of Chicago, Ill. (Sidney Neuman and A. Arnold Brand, both of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents, affirming the decision of the Examiner of Trade-Mark Interferences refusing to appellant registration of the word "Featherweight" as a trade-mark for use on concrete roof slabs.

Rejection was based upon the finding that the mark is descriptive of the character or quality of the goods. The registration of such marks is prohibited by the language of section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85), which reads: "* * * That no mark which consists merely * * * in words * * * descriptive of the goods with which they are used, or of the character or quality of such goods * * * shall be registered under the terms of this subdivision of this chapter."

Appellant's principal argument is that "Featherweight" applied to concerte roofing blocks, which by the very nature of the material composing them are necessarily heavy, is such a manifest exaggeration as not to be descriptive or misdescriptive.

It is our opinion that the decisions below were well founded and sound in principle.

"Featherweight" is a common English word, the first meaning of which, as given in the latest edition of Webster's New International Dictionary, is "a very light weight." The same authority recites that, when used in relation to sports, such as horse-racing, boxing, and wrestling, the word implies the lightest class of jockeys, boxers, or wrestlers.

While concrete roofing slabs are naturally heavy, undoubtedly there are degrees of weight dependent upon different factors, and we can conceive of no impression which an observer would derive from seeing the word on such article except the impression that, comparatively speaking, the article was of very light weight. Hence the word as appellant proposes to use it seems obviously descriptive.

The decision of the Commissioner of Patents is affirmed.