**In re COPPERWELD STEEL CO.**

Patent Appeal No. 3029.

Court of Customs and Patent Appeals.

Dec. 27, 1932.

Byrnes, Stebbins, Parmelee & Blenko, of Pittsburgh, Pa. (Clyde A. Norton, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Marks, holding appellant not entitled to register the notation "Copperweld" for use as a trade-mark for "electric wire, electric cable, ground rods for electric current, bond wires, track connections, and cable rings." The refusal is based upon the ground that the proposed mark is merely descriptive of the goods, and, in consequence, is barred from registration by the provisions of section 5 of the Trade-Mark Registration Act of February 20, 1905, as amended (15 USCA § 85).

It is the contention of appellant that the word is not descriptive, but only suggestive; that it is an invented or coined word, not to be found as a whole in the dictionaries; that it calls up no mental picture of the goods and has no descriptive significance to the purchaser, but only indicates origin.

Appellant seems to have been using the word in a trade-mark sense over a long period of years, beginning in 1916. It has secured registrations of certain composite marks in which the word appears, but in these the word itself, except in the connections there shown, was disclaimed.

It appears that some, at least, of the goods upon which the mark is used are produced by sheathing a steel core with a coating of copper. The exact process used in applying the sheathing is not described in the record, other than in certain patents referred to, but it is a matter of general information, of which the court may take judicial notice, that it is a common practice to combine unlike metals by coating one of them with the other in a manner which solidifies the resulting product.

One of the definitions of "weld" as a transitive verb, given in Webster's New International Dictionary, is: "To unite closely or intimately; to join closely."

The same authority defines the word when used as a noun as: "State of being welded; also, a welded joint."

These are broad, but by no means unusual, definitions. The word "weld," with these meanings, is in common and almost universal use. It seems to us that when preceded by "copper" (which, as combined with "weld" in the mark, seems to be used in an adjective sense), and applied to the copper sheathed or "copper clad" products of appellant company, the complete word does more than merely suggest the nature or character of those products. When their character is rightly considered, the word, even though it be a coined word, describes that character.

The decision of the Commissioner of Patents is affirmed.

Affirmed.