**In re NORTHERN PAPER MILLS.**

*Patent Appeal No. 3266.*

Court of Customs and Patent Appeals.

May 29, 1933.

Chauncey P. Carter, of Washington, D. C. (T. K. Bryant and James T. Newton, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed its petition in the United States Patent Office for the registration of its trade-mark, "Gasa," used as a trade-mark for toilet paper. The Examiner of Trade-Marks refused registration on the ground that the mark was either descriptive or misdescriptive. The commissioner affirmed this decision, and, thereafter, on an application for rehearing, reaffirmed his former decision.

It is admitted, in argument, that the word "Gasa" is a Spanish word meaning gauze. The word "gauze," as it appears from the lexicographers, was so called because it was presumed that the thin, slight, transparent fabric, to which the name has been, and is, applied, was originally produced in the city of Gaza—a city of Palestine.

It was thought by the commissioner that the word, as applied to toilet paper, was descriptive of the supposed quality of the paper, and was, therefore, descriptive as so applied. If it was not so descriptive, it was thought to be plainly misdescriptive.

The appellant has brought the case here, and now contends that the word "Gasa," being a word in a foreign language, is not necessarily descriptive in this country, where the English language is the language of the people. It further insists that the word cannot properly be held to be descriptive and is, at most, suggestive only.

The question whether a word in a foreign language and not adopted into the English language can be held to be descriptive when used as a trade-mark in the United States has not heretofore been before this court. However, we believe the rule has been well established by other courts, particularly the Court of Appeals of the District of Columbia, the predecessor of this court in its trade-mark jurisdiction, that a word taken from a well-known foreign modern language, which is, itself, descriptive of a product, will be so considered when it is attempted to be registered as a trade-mark in the United States for the same product.

Counsel, in this case, have given us the benefit of extensive research along this line, and have cited numerous authorities on the subject. Some of these cases are as follows:

In Re Hercules Powder Co., 46 App. D. C. 52, it was said: "A descriptive word in a foreign language, though meaningless to the public generally, would fall within the statute, since it is the real signification of the word or device, and not the idea which it may, or may not, convey to the general public, which brings it within the act."

In Re Bradford Dyeing Association, 46 App. D. C. 512, the French word "E'clatant" was held descriptive as a trade-mark for cotton piece goods.

In Re Maclin-Zimmer-McGill Tobacco Co., 49 App. D. C. 181, 262 F. 635, the Spanish words "El Gallo" were held to be not registrable because the equivalent, "Our Rooster," and a picture of a rooster, had been registered as a trade-mark in the United States theretofore.

McKesson & Robbins v. Phillips Chemical Co. (C. C. A.) 53 F.(2d) 342, and Id. (C. C. A.) 53 F.(2d) 1011, held that the Spanish words "Leche-de-Magnesia" were descriptive, the word "leche" being the equivalent of the English word "milk."

The French word "thermogene," mean-

ing "caloric," was held to be descriptive in Thermogene Co. v. Thermozine Co. (C. C. A.) 234 F. 69.

A foreign word used in the country of its origin, in a descriptive way, cannot be used as a trade-mark in this country. Coty v. Le Blume Import Co. (D. C.) 292 F. 264, 267.

The Italian words, "Conserva Di Tomate," were held descriptive of tomato preserves or paste, and were involved in Roncoroni v. Gross, 92 App. Div. 221, 86 N. Y. S. 1112.

The Italian word "Tipo," meaning, in English, "type," used as an adjective, was held to be descriptive, and, when used in connection with names of certain varieties of wines, was held to be not properly used as a trade-mark. Italian Swiss Colony v. Italian Vineyard Co., 158 Cal. 252, 110 P. 913, 32 L. R. A. (N. S.) 439. In the last-named case, the court has collated a large number of similar words, and discussed their descriptive character.

In Charles R. DeBevoise Co. v. H. & W. Co., 69 N. J. Eq. 114, 60 A. 407, the French word "brassière" was held to be not subject to exclusive appropriation as a trade-mark.

These cases are sufficiently illustrative of the point. There has been some doubt expressed by some courts as to whether a word taken from an obscure or comparatively unknown foreign language would be held to be descriptive when used as a trade-mark in the United States; but, so far as the cases go of which we are advised, no doubts have been expressed that a descriptive word, used in one of the modern languages of the principal nations of the world, cannot be properly registered as a trade-mark under the present laws of the United States on that subject.

It has been said that the English equivalent of the word sought to be registered, namely, "Gauze," is not descriptive of toilet paper, but suggestive only.

We cannot agree with this conclusion. It is not descriptive in every respect, perhaps, but to the ordinary mind it is at least descriptive of many of the qualities of the article upon which it is used, assuming, of course, that it is not misdescriptive. This court has had numerous occasions to pass upon the question of what is, or is not, descriptive. Without going into detail about the matter, it is sufficient to cite a few of such cases:

In Chicago Pneumatic Tool Co. v. Black & Decker Mfg. Co., 39 F.(2d) 684, 17 C. C. P. A. 962, we held the word "Hicycle" descriptive of portable power tools.

In California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C. P. A. 1198, we held the word "Calcyanide" to be descriptive of fumigants.

United Shoe Mach. Corp. v. Compo Shoe Mach. Corp., 56 F.(2d) 292, 19 C. C. P. A. 1009, held the word "Compo," as applied to shoe-making machinery, to be descriptive.

"Featherweight," as applied to cement roof slabs, was held descriptive in Re Federal Cement Tile Co., 58 F.(2d) 457, 19 C. C. P. A. 1205.

"Copperweld," as applied to electric cables, was held descriptive in Re Copperweld Steel Co., 62 F.(2d) 363, 20 C. C. P. A. —.

We are of opinion the commissioner reached the correct conclusion, and his decision is affirmed.

Affirmed.