■ JOHNSON CHEMICAL CO., INC., Respondent, v SAFEGUARD CHEMICAL CORPORATION, Appellant.—In an action, *inter alia,* for injunctive relief, the defendant appeals from so much of an order of the Supreme Court, Kings County, dated November 23, 1977, as (1) granted the plaintiff's motion for a preliminary injunction enjoining the defendant from using the names "La Bomba" and "La Super Bomba" on or in connection with its insecticide during the pendency of this action, (2) granted the plaintiff's motion to punish the defendant for contempt for its willful disobedience of a judgment entered February 7, 1966, and (3) imposed a fine in the amount of actual loss sustained by the plaintiff as a result of defendant's disobedience of the February 7, 1966 judgment, plus reasonable costs and expenses. Order modified, by deleting the second decretal paragraph thereof and substituting therefor a provision that the defendant, its agents, servants, employees and all other persons acting under it or on its behalf, be enjoined during the pendency of this action from using the names "La Bomba" and "La Super Bomba" in packaging, marketing and advertising in a manner that will tend to confuse the public and cause purchasers to believe that the defendant's insecticide is identical or related to the similar product sold by the plaintiff. In particular, the defendant is enjoined from printing "La Bomba" or "La Super Bomba" in a script which is like or similar to that used by the plaintiff. It is also enjoined from placing these names on the aerosol container cap unless the term is accompanied by the defendant's brand name or corporate name. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The words "La Bomba" and "La

Super Bomba" are Spanish terms for "The Bomb" and "The Super Bomb", respectively. In the current context, those words, used in their primary sense, merely name or describe aerosols (see Webster's Third New International Dictionary) and are in the public domain. Therefore, they cannot be appropriated for exclusive use, nor can their use on a container as an honest description of the product be prevented (cf. *Barrett Chem. Co. v Stern,* 176 NY 27; *Neva-Wet Corp. of Amer. v Never Wet Processing Corp.,* 277 NY 163). The principle applies whether the word or term in issue is in English or in some other language *(Roncoroni v Gross,* 92 App Div 221). While the defendant may not be prevented from using the words in question, it does have a duty to use reasonable care to prevent undue confusion in the public mind between its product and that of the plaintiff (cf. *Kellog Co. v National Biscuit Co.,* 305 US 111, 118-119; *Santa's Workshop v Sterling,* 2 AD2d 262, affd 3 NY2d 757; *Litwin v Maddux,* 7 Misc 2d 750, 757-759). Given the facts before it, Special Term was entitled to conclude that defendant's use of the terms "La Bomba" and "La Super Bomba" could be confusing to the public. It could also conclude that the confusion was deliberately caused. In our opinion, Special Term's order must be recast to permit the defendant to use the names "La Bomba" and "La Super Bomba" as descriptive terms but to prevent the misleading use of those terms (see, generally, *International Latex Corp. v Flexees, Inc.,* 281 App Div 363). The use would not be misleading if the script used by the defendant was clearly distinguishable from the plaintiff's and was accompanied by the defendant's brand name or corporate name (see *Cohn & Rosenberger, Inc. v Kaufman & Ruderman, Inc.,* 280 App Div 241). We have considered the defendant's other contentions and find them to be without merit. Titone, J. P., Suozzi, Lazer and Cohalan, JJ., concur.